RALPH MOORE v. CHICAGO BRIDGE AND IRON WORKS.

(Filed 3 May, 1922.)

**1. Negligence—Contributory Negligence.**

There is no essential difference between negligence and contributory negligence, the former applying to the defendant and the latter to the plaintiff, and in either case is the want of due care in doing other than, or failing to do, what a reasonably prudent man would have done under the same or similar circumstances.

**2. Same—Proximate Cause.**

The plaintiff's contributory negligence to defeat his recovery in an action to recover damages for a personal injury alleged to have been received through the defendant's negligence, is such negligent act of commission or omission so concurring and coöperating with the negligent act of the defendant as to become the real, efficient, and proximate cause of the injury the plaintiff has sustained, or the cause without which the injury would not have occurred.

**3. Negligence—Comparative Negligence—Statutes—Damages.**

The doctrine of comparative negligence is only recognized by our courts in instances coming within the meaning of the Federal Employers' Liability Act, and our own statute, C. S., 3467, and then only for the purpose of mitigating the damages or as a partial defense.

**4. Same—Contributory Negligence—Instructions—Appeal and Error.**

Where the issue of plaintiff's contributory negligence arises in an employee's action against a private corporation, an instruction thereon that if the plaintiff's negligence contributed to his personal injury to the degree that he was "guilty," without preponderating, the defendant is not entitled to have the issue answered in its favor, for it must outweigh "the contentions of the plaintiff that he did not contribute," constitutes reversible error to the defendant's prejudice, being in effect an erroneous charge upon the principle of comparative negligence, inapplicable to the case.

Appeal by defendant from *Ray, J.,* at the October Term, 1921, of Mecklenburg.

Civil action to recover damages for an alleged negligent personal injury.

Plaintiff, an employee of the defendant company, was engaged, with other servants, in the work of erecting a steel tower and water tank for the Standard Bonded Warehouse Company in the city of Charlotte. At the time of the injury plaintiff, together with other employees, was undertaking to move a long pole, similar to a telegraph pole, from the platform of the warehouse to the scaffold around the water tank. The pole was being conveyed on a two-wheeled dolly, or small wooden hand truck. When the wheels of the dolly came to the rail at the end of the platform it was necessary, in order to get the wheels over the rail and upon the bridge leading to the tower—an elevation of five or six inches—

to place two short boards or planks in proper position so as to easily push the dolly from the platform up to and upon the bridge.   The plaintiff selected the plank for the wheel on his side, placed it himself, and was helping to push the truck or dolly up the boards so placed when the dolly careened or tilted towards him, and he either jumped off or was knocked off the platform and fell a distance of five or six feet to a lower platform, with the result that his leg was broken.

Defendant pleaded assumption of risk, the fellow-servant rule, and contributory negligence, in that the plaintiff, by his own carelessness and negligence in placing the plank, etc., brought about his own injury.

From a verdict and judgment in favor of plaintiff, the defendant appealed, assigning errors.

*D. E. Henderson and T. A. Adams for plaintiff.*
*E. R. Preston and Wade H. Williams for defendant.*

STACY, J., after stating the case:   There are a number of exceptions appearing on the record, but we deem it unnecessary to consider them *seriatim,* as, in our opinion, a new trial must be awarded for error in the charge on the issue of contributory negligence.   Upon this phase of the case his Honor instructed the jury as follows:   "So, if you find that the plaintiff in the case, under the contentions which the court will later lay down for you, was guilty of contributory negligence and contributed to the degree that he was guilty, yet it does not predominate, then the defendant is not entitled to have an issue of contributory negligence answered in its favor; it must prevail by an outweighing of the contentions of the plaintiff that he did not contribute."

As we understand this excerpt, to which the defendant has excepted, it embodies and carries with it a statement of the principle of comparing the negligence of the plaintiff with that of the defendant.   This doctrine is applicable with us, and then only for the purpose of mitigating the damages or as a partial defense, in cases arising under the Federal Employers' Liability Act and our own statute, C. S., 3467.   *Williams v. Mfg. Co.,* 175 N. C., 226.   The instant case comes under neither enactment.

Contributory negligence, such as will defeat a recovery in a case like the one at bar, is the negligent act of the plaintiff, which, concurring and coöperating with the negligent act of the defendant, thereby becomes the real, efficient, and proximate cause of the injury, or the cause without which the injury would not have occurred.   Negligence is doing other than, or failing to do, what a reasonably prudent man would have done under the same or similar circumstances.   In short, it is a want of due care; and there is really no distinction or essential difference between

negligence in the plaintiff and negligence in the defendant, except the plaintiff's negligence is called contributory negligence. The same rule of due care, which the defendant is bound to observe, applies equally to the plaintiff; and due care means commensurate care, under the circumstances, when tested by the standard of reasonable prudence and foresight. The law recognizes that contributory negligence may be due either to acts of omission or to acts of commission. In other words, the lack of diligence, or want of due care, on the part of the plaintiff, may consist in doing the wrong thing at the time and place in question, or it may arise from inaction or from doing nothing when something should have been done. The test is: Did the plaintiff fail to exercise that degree of care which an ordinarily prudent man would have exercised or employed, under the same or similar circumstances, and was his failure to do so the proximate cause of his injury? If this be answered in the affirmative, the plaintiff cannot recover in a case like the one at bar. *O'Dowd v. Newnham* (Ga.), 80 S. E., 40. Of course, it is needless to add that under our statute, C. S., 523, where contributory negligence is relied on as a defense, it must be set up in the answer and the defendant is required to prove it on the trial. That is to say, the defendant must properly plead the negligence of the plaintiff as a defense, and he must also assume the burden of proving his allegation of contributory negligence. *Jackson v. R. R.,* 181 N. C., 153; *Fleming v. R. R.,* 160 N. C., 196. See, also, *Taylor v. Lumber Co.,* 173 N. C., 112, on the question of proximate cause.

His Honor may have had in mind what was said in *Vann v. R. R.,* 182 N. C., 570, but there the Court was speaking of the passive and inactive negligence of the plaintiff, and not such as would make him "guilty of contributory negligence," to use the language employed in the charge here.

As the other exceptions, in all probability, will not arise on another trial, we shall not consider them now.

New trial.

ADAMS, J., concurs in the result.