## WEST CONSTRUCTION COMPANY v. ATLANTIC COAST LINE RAILROAD COMPANY.

### (Filed 11 October, 1922.)

**1. Negligence—Contributory Negligence.**

The contributory negligence on the part of the plaintiff that will bar his recovery in an action for damages for a personal injury negligently inflicted is the plaintiff's failure to exercise due care, as a proximate cause or occasion for the injury sustained, occurring and coöperating with the negligent act of the defendant, and the defendant will not be held liable if its negligence would not have produced the injury but for the contributory negligence of the plaintiff.

**2. Same—Proximate Cause.**

The proximate cause of actionable negligence is the real, efficient cause, or that without which the injury would not have occurred.

**3. Same—Instructions—Appeal and Error.**

An instruction upon the issue of contributory negligence in a personal injury action that makes the plaintiff's right to recover depend alone upon whether his negligence contributed to the injury, with a refusal of plaintiff's prayer for instruction that his contributory negligence must have been the proximate cause of the injury to bar his recovery, is reversible error.

**4. Negligence—Contributory Negligence—Proximate Cause—Contributing Causes.**

In an action to recover damages for a personal injury, it is not necessary, to bar the plaintiff's right of recovery, that his negligence be the sole proximate cause of the injury, for it is sufficient if his negligence is a cause, or one of the causes, without which the injury would not have occurred.

APPEAL by plaintiff from *Ferguson, J.,* at March Special Term, 1922, of LENOIR.

Civil action to recover damages for an alleged negligent injury to plaintiff's truck, caused by collision with defendant's train.

From a verdict and judgment in favor of defendant, the plaintiff appealed.

*Cowper, Whitaker & Allen for plaintiff.*
*Rouse & Rouse for defendant.*

STACY, J. The sole question presented on this appeal is the correctness of the court's charge on the issue of contributory negligence. The jury answered the issue of negligence in favor of the plaintiff, and the issue of contributory negligence in favor of the defendant. It is agreed that the evidence of the plaintiff and that of the defendant was sufficient to warrant the jury in answering both issues as they did.

That portion of the charge which forms the basis of plaintiff's exceptions is as follows: "If you answer the first issue 'Yes,' you will then consider the second issue; the burden is on the defendant in that issue to prove by the greater weight of the evidence that the plaintiff's servant, driving the truck, was negligent, and that his negligence contributed to the injury."

After the jury had considered the case for some time, they returned to ask for further instructions in regard to the issue of contributory negligence. His Honor directed their attention to what he had previously said on the subject, and stated that such was the correct rule, repeating it. Whereupon, counsel for plaintiff requested the court to add to his charge the further instruction that, unless such negligence on the part of plaintiff's driver was the proximate cause of the injury, they would answer the second issue "No." This was declined, his Honor stating that he would permit the charge to remain just as he had given it. It would seem that the plaintiff was entitled to this additional instruction from what was said in *Moore v. Iron Works,* 183 N. C., 438; *Johnson v. R. R.,* 163 N. C., 443, and *Smith v. R. R.,* 145 N. C., 98.

Contributory negligence, as understood and used in legal parlance, is such an act or omission on the part of a plaintiff amounting to a want of due care, as, concurring and coöperating with the negligent act of the defendant, is a proximate cause or occasion of the injury sustained. Two elements, at least, are necessary to constitute contributory negligence: (1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury. These are the vital questions to be determined upon the issue of contributory negligence. There must be not only negligence on the part of the plaintiff, but *contributory* negligence, a real causal connection between the plaintiff's negligent act and the injury, or it is no defense to the action. Beach on Contributory Negligence (3 ed.), sec. 26. On the other hand, in an action like the present, the defendant is not to be held liable if his negligence would not have produced the injury but for the contributory negligence of the plaintiff.

The meaning of proximate cause has been stated in many ways, when considered in the light of the variant facts of numerous cases. For example, it has been said that when the plaintiff's negligence is proximate, while that of the defendant is remote, there can be no recovery; but that when the defendant's negligence is the proximate cause and the plaintiff's negligence the remote cause of the injury, the plaintiff may maintain his action. And by proximate cause here is meant the real efficient cause, or the cause without which the injury would not have occurred. In determining this cause, however, it may be well to note

that proximity in point of time and space is not the question to be decided. This would seem to be a sufficient statement of the rule as applicable to the instant case.

The plaintiff's negligence, in order to bar a recovery in an action like the present, need not be the *sole* proximate cause of the injury, for this would exclude the idea of negligence on the part of the defendant, as in any legal sense material or significant. It is sufficient if his negligence is a cause, or one of the causes, without which the injury would not have occurred. If the plaintiff's negligence be the sole and only cause of the injury, it would not be contributory negligence at all, but rather the source of a self-inflicted injury.

For the error, as indicated, a new trial must be awarded.

New trial.