### N. C. McLEOD v. J. W. LEMONS.

(Filed 26 May, 1923.)

**Negligence—Contributory Negligence—Proximate Cause.**

> The contributory negligence of the plaintiff in a personal injury case will bar his recovery if it proximately produces the injury for which damages are sought by him in his action.

APPEAL by plaintiff from *Brock, J.,* at September Term, 1922, of MONTGOMERY.

Civil action for damages, tried upon the following issues:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer? Answer: 'Yes.'

"3. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: ----------------"

Judgment on the verdict for defendant. Plaintiff appealed.

*C. A. Armstrong and J. A. Spence for plaintiff.*
*R. T. Poole for defendant.*

PER CURIAM. In a collision between plaintiff's buggy and defendant's automobile, plaintiff alleges that he was thrown to the ground and seriously injured. There was evidence tending to support the jury's finding on the first and second issues; and we have found no reversible error committed on the trial.

It is well established that in an action like the present the contributory negligence of the plaintiff which proximately produces the injury will bar a recovery. *Construction Co. v. R. R.,* 184 N. C., 179; *Moore v. Iron Works,* 183 N. C., 438.

No error.