## J. F. HOLTON v. KINSTON-CAROLINA RAILROAD COMPANY.

### (Filed 1 October, 1924.)

**Carriers—Railroads—Crossings—Negligence—Evidence—Nonsuit.**

> It is the duty of a person driving an auto-truck to look and listen in both directions for approaching trains before attempting to drive across a railroad track; and in an action to recover damages to the truck, caused by colliding with a passing train, under such circumstances, a motion as of nonsuit should be granted when it appears from all the evidence that the proximate cause of the injury was his attempting to cross the track when there were no obstructions to his view and he had heard the train approaching and could have perceived it in time to have prevented the injury if he had observed the duty required of him.

CIVIL ACTION, tried before *Horton, J.,* at June Term, 1924, of LENOIR.

The action is to recover damages for destruction of plaintiff's auto truck, caused by alleged negligence of defendant in backing one of its trains on the track at a railroad crossing at or near the city of Kinston, N. C., in April, 1920. On issue of negligence, contributory negligence and damages there was verdict for plaintiff. Appeal by defendant, assigning for error refusal of its motion for nonsuit.

*Sutton & Greene for plaintiff.*
*Rouse & Rouse for defendant.*

HOKE, C. J. On careful consideration of the record and evidence contained therein, the Court is of opinion that defendant's motion for nonsuit should have been allowed. It is the recognized duty of a person on or approaching a railroad crossing to "look and listen in both directions for approaching trains if not prevented from doing so by the fault of the railroad company or other circumstances clearing him from blame," and where, as to persons other than employees of the company, there has been a breach of this duty clearly concurring as a proximate cause of the injury, recovery therefor is barred. *Plyler v. R. R.,* 185 N. C., pp. 358-361; *Davidson v. R. R.,* 171 N. C., p. 634; *Coleman v. R. R.,* 153 N. C., p. 322; *Trull v. R. R.,* 151 N. C., p. 545.

In the present case the evidence on part of plaintiff shows that he was driving his truck along the highway approaching a crossing of defendant road at about eight miles an hour, the railroad being on a rise two feet or more above the general grade of the highway, and he ran his truck up on the crossing in the way of a train backing on the crossing, thus bringing about a collision by which the truck was destroyed. Plaintiff saved himself from personal harm by jumping from the truck as the front wheels got on the track.

According to the facts in evidence the train was running 15 or 20 miles per hour and the employees of the company testify that the engine bell was ringing as the train backed towards the crossing and plaintiff could easily have seen the train if he had looked.

Plaintiff does not deny that the bell was ringing, and he himself testifies that he could have seen down the track thirteen to fifteen hundred feet the way the train was approaching and didn't look that way. And while he says that he heard no signal whistle, he also testifies, as we understand his testimony, that he had heard the whistle of the train some distance back but thought it was an automobile.

In our opinion and according to plaintiff's own showing, the collision was clearly due to his own default in not keeping a proper lookout, and in such case, on motion, in apt time a judgment of nonsuit should have been entered. *Davis v. R. R.,* 187 N. C., pp. 147-153; *S. v. Fulcher,* 184 N. C., p. 665.

This will be certified that motion for nonsuit be allowed.

Reversed.