### L. W. TALTON v. SOUTHERN RAILWAY COMPANY.

(Filed 10 March, 1926.)

APPEAL by defendant from *Devin, J.,* at November Term, 1925, of WAYNE.

Civil action to recover damages for an alleged negligent injury, tried upon the following issues:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: No.

"3. What damages, if any, is the plaintiff entitled to recover from the defendant? Answer: $1,000."

From a judgment on the verdict in favor of plaintiff, the defendant appeals, assigning errors.

*Dickinson & Freeman for plaintiff.*
*Langston, Allen & Taylor for defendant.*

PER CURIAM. The defendant's chief assignment of error, or the one most strongly urged on the argument and in its brief, is based on the exception addressed to the refusal of the court to grant the motion for judgment as of nonsuit, made on the ground that the plaintiff's own evidence clearly establishes a case of contributory negligence sufficient to bar his right of recovery. *Wright v. R. R.,* 155 N. C., 329; *Horne v. R. R.,* 170 N. C., 660; *Coleman v. R. R.,* 153 N. C., 322; *Holton v. R. R.,* 188 N. C., 277.

We are convinced from a careful perusal of the record that the evidence was properly submitted to the jury. No benefit would be derived from detailing plaintiff's testimony, as the only question presented by this exception is whether or not it is sufficient to carry the case to the jury, and we think it is. *Farris v. R. R.*, 151 N. C., 483.

No error.