## ALBERT FULCHER v. PINE LUMBER COMPANY.

(Filed 17 March, 1926.)

**1. Jurors—Qualification—Principal and Surety—Corporations—Interest.**

An agent or employee of an indemnity corporation, surety on the plaintiff's prosecution bond, is incompetent to sit on the jury in the trial of an action to recover damages for a negligent personal injury against its principal.

**2. Jurors — Examination as to Interest — Corporations — Principal and Surety—New Trial—Appeal and Error—Parties.**

A party to the action may in good faith question a juror being passed upon by him as to whether the juror was employed by the corporation, surety on the prosecution bond, though the surety is not a proper party to the action, and such is insufficient to grant a new trial on appeal.

**3. Instructions—Appeal and Error—Harmless Error—Negligence—Contributory Negligence—Evidence.**

While contributory negligence of a plaintiff, employee of defendant lumber company, will bar him of recovery for an injury negligently inflicted on him, when the proximate cause, an instruction to that effect will not be held for reversible error when there is not introduced upon the trial any evidence which tends to show contributory negligence on the plaintiff's part.

STACY, C. J., concurring in result.

APPEAL by defendant from *Bond, J.,* at November Term, 1925, of CRAVEN. No error.

Action to recover damages for personal injuries, sustained by plaintiff while at work as an employee of defendant. The issues, with answers thereto, were as follows:

1. Was plaintiff injured by the negligence of the defendant company, as alleged in the complaint? Answer: Yes.

2. Did the defendant by his own negligent conduct contribute to and cause his said injury? Answer: No.

3. What damages, if any, is the plaintiff entitled to recover? Answer: $5,000.

From judgment on this verdict, defendant appealed to the Supreme Court.

*D. L. Ward for plaintiff.*
*Moore & Dunn for defendant.*

CONNOR, J. Defendant's first assignment of error is based upon an incident, occurring during the trial, and stated in the case on appeal as follows:

"The plaintiff, in examining the jury, asked the question, 'Is there any member of the jury in the employ of the Thomas Masten Indemnity Insurance Company or Association?'"

When the question was asked, the judge called the attorneys for plaintiff and defendant to the bench, and in an undertone, not heard by the jury, asked why plaintiff's attorneys desired to ask the question. Plaintiff's attorneys, in an undertone, not heard by the jury, said to the judge that Mr. Asa, agent of the Thomas Masten Indemnity Association, a mutual concern composed of lumber manufacturers, and then present, had tried to settle the case with them, and had stated to them that his association had insured defendant against loss in cases of this kind, and that Mr. Aberly (manager of defendant company) had also said that defendant was a member of the Masten Association, and that plaintiff's attorneys desired to ascertain if any member or agent of the association was on the jury. His Honor decided that the question was asked in good faith.

The defendant objected; objection overruled, and defendant excepted. It does not appear whether any of the jurors answered the question or not; therefore, the question as to whether or not an affirmative answer to the question by a member of the jury would have been ground for a challenge for cause is not presented. His Honor held only that the question, asked in good faith, was not subject to objection. There was no motion by defendant for any instruction to the jury, relative to the matter, then or thereafter during the trial, or for a continuance on the ground that the question was an intimation, at least, to the jury, by plaintiff's attorneys, that defendant was protected by indemnity insurance against any damages which it might have to pay to plaintiff, by reason of the verdict in this case. Having been informed by both the manager of defendant company, and the agent of the indemnity association, that the association and not the company, by reason of the contract of insurance, would pay such damages as plaintiff might recover, attorneys for plaintiff not only had the right, but it was also their duty to ascertain by questions addressed to jurors tendered to plaintiff, what relationship, if any, existed between members of the jury and the association, which was interested in the verdict. The fact that a juror was an agent or member of the association which would ultimately pay the damages assessed by the jury, if any, would affect the competency of the juror to serve in this case; it would have weight with the attorneys for plaintiff, at least, in determining whether they should challenge the juror, peremptorily.

In *Blevins v. Cotton Mills,* 150 N. C., 493, it is held that an employee is not a competent juror for the trial of a cause involving the rights or interests of his employer. In *Norris v. Mills,* 154 N. C., 474, it is

held that it is proper for the attorney for plaintiff, in good faith, to ask jurors as to their relationship, if any, to a casualty company, where it is admitted that the defendant is insured by the casualty company, with respect to the damages which plaintiff is seeking to recover in the action. See, also, *Walters v. Lumber Co.,* 165 N. C., 389, and *Oliphant v. R. R.,* 171 N. C., 304. In *Lytton v. Mfg. Co.,* 157 N. C., 332, it is said that "evidence that the defendant in an action for damages arising from an injury is insured in a casualty company is entirely foreign to the issues raised by the pleadings and is incompetent. By some courts it is held to be so dangerous as to justify another trial, even when the trial judge strikes it from the record." It is said, however, in *Bryant v. Furniture Co.,* 186 N. C., 441, that where the fact, that defendant charged with negligent injury of plaintiff held a policy of indemnity insurance against damages which might be recovered for such injury, is brought out on the trial merely as an incident on cross-examination or otherwise, it will not always or necessarily constitute reversible error. See *Gilland v. Stone Co.,* 189 N. C., 783; *Allen v. Garibaldi,* 187 N. C., 798; *Davis v. Shipbuilding Co.,* 180 N. C., 74. Also, *Deligny v. Furniture Co.,* 170 N. C., 189; *Starr v. Oil Co.,* 165 N. C., 587; *Featherstone v. Cotton Mills,* 159 N. C., 429.

We cannot hold, where an attorney for a party to an action, in the performance of his duty, and in the exercise of his right, as such attorney, inquires of jurors tendered to plaintiff, if any of them sustains such relation to an association or corporation, not a party to the action, which he knows or in good faith believes has an interest in the verdict which may be rendered, by reason of a contract, indemnifying the adverse party from loss by reason of such verdict, as would render the juror incompetent if such association or corporation was a party to the action, that the inquiry is in itself so prejudicial to defendant that defendant is entitled to have an adverse verdict set aside and the judgment reversed for this reason alone. The association or indemnity company is not ordinarily a proper party to the action, *Clark v. Bonsal,* 157 N. C., 270; it has, however, such an interest in the result of the action that no agent or employee can be held a competent juror to pass upon the issues between the plaintiff and the defendant of record. Plaintiff is entitled to know before the jury is empaneled, whether any juror is an agent of such a corporation, or a member of such an association. The contract between defendant and such association or corporation cannot be shown on the trial, for it is foreign to the issues, either of liability or damages determinative of the controversy between plaintiff and defendant; it does not follow, however, that it is reversible error for the judge to permit the inquiry upon examination of the jurors, prior to the empaneling of the jury. As to whether the question is asked in good

faith, or as to whether the adverse party has been prejudiced by the inquiry addressed to the jurors, before the jury is empaneled, must be left to the trial judge to determine in his discretion. An exception must ordinarily be addressed to a ruling by the judge. Upon this record, defendant made no motion and asked no instruction to the jury with respect to the inquiry made of the jurors by plaintiff's attorney. The assignment of error is not sustained.

We have examined the assignments of error based upon exceptions to the evidence offered by plaintiff, and to the refusal of defendant's motion for judgment as of nonsuit, at the close of all the evidence; we do not deem it necessary to discuss these assignments *seriatim:* they cannot be sustained.

Defendant complains chiefly of the following instruction to the jury, upon the second issue:

"The defendant sets up contributory negligence. Contributory negligence is such conduct on the part of the plaintiff as shows that he failed to do what under the exact conditions a reasonably prudent man would have done, or that he did an act which under those conditions a reasonably prudent man would not have done. Like an action based upon negligence, it must have been the proximate cause of the injury." Defendant excepted to this instruction and assigns same as error. Defendant contends that, if the jury, having found that plaintiff was injured by the negligence of defendant as alleged in the complaint, and having therefore answered the first issue "Yes," should further find that the negligence of plaintiff contributed to his injury as one of the causes thereof, they should in accordance with a proper instruction, have answered the second issue, "Yes"; that it was error to instruct the jury, in effect, that they must find that the negligence of plaintiff was the proximate cause of the injury in order to find that it was contributory negligence as alleged in the answer. This contention of defendant is supported by *Construction Co. v. R. R.,* 184 N. C., 179, and *Lea v. Utilities Co.,* 176 N. C., 511, cited in defendant's brief. Contributory negligence on the part of plaintiff, except where otherwise provided by statute, is held to bar recovery of damages resulting from the negligence of defendant if such contributory negligence concurs with the negligence of defendant, as a proximate cause of the injury. It implies *ex vi termini* that the negligence of defendant is a cause of the injury. It must be conceded that the instruction as set out in the case on appeal is not accurate; we cannot hold, however, that there is reversible error, upon the facts of this case.

All the evidence is to the effect that plaintiff, a man 60 years of age, was at work under the immediate direction and supervision of the manager of defendant company; that two wheels of a truck loaded with

lumber had got off the track; plaintiff was directed by the manager to aid in getting the truck back on the track; one wheel was pried up; while plaintiff was helping to raise the other, the lumber which was piled 12 to 14 feet on the truck, slid off and mashed him to the ground. Plaintiff sustained serious and permanent injuries. The jury has found that it was negligence for defendant to require plaintiff to work at the lower end of the truck, on which was piled lumber 12 to 14 feet high; that a prudent man, with reasonable foresight, would have foreseen that the lumber would probably slide off and mash the men who, under the direction of defendant's manager, were at work, endeavoring to raise the truck; that this negligence was the proximate cause of the injury.

A careful reading of the testimony of all the witnesses, as set out in the case on appeal, fails to disclose any evidence of contributory negligence on the part of plaintiff. We find no reversible error. The judgment should be affirmed. There is

No error.

STACY, C. J., concurring in result.