KATHRYN L. ELDER v. PLAZA RAILWAY.

(Filed 30 November, 1927.)

1. **Negligence—Contributory Negligence—Evidence — Street Railways — Automobiles—Proximate Cause—Concurring Causes.**

Where the evidence in a personal injury damage case, including that of plaintiff, tends only to show that while driving her automobile upon a street of a city at night, the plaintiff endeavored to pass another automobile from behind, was blinded by the lights from still another automobile and drove upon the track of defendant's street railway, and as evidenced by the rate of speed within the law each was going, was almost immediately struck by defendant's street car moving in an opposite direction, the plaintiff under the circumstances not being aware of its approach; assuming that the defendant was negligent in not giving warnings of the approach of the street car, or in not having provided it with a fender: *Held,* upon the uncontradicted facts, the plaintiff's contributory negligence barred her recovery, upon the principle that her negligence coöperated with the negligent act of the defendant, and became the real, efficient and proximate cause of the injury complained of, or that without which the injury would not have occurred.

2. **Evidence—Contributory Negligence—Nonsuit—Statutes.**

Contributory negligence may be taken advantage of on a motion as of nonsuit when the plaintiff's own evidence tends only to establish it. C. S., 567.

APPEAL by defendant from *Finley, J.,* at May Term, 1927, of MECK-LENBURG.

Civil action to recover damages for an alleged negligent injury resulting from a collision between defendant's street car and plaintiff's automobile.

The evidence tends to show that on the night of 2 January, 1926, about 11:25 p.m., the plaintiff, Mrs. Kathryn L. Elder, was driving eastwardly along Central Avenue in the city of Charlotte in a closed Ford coupé, when she collided with one of the defendant's street cars moving westwardly along said street, and was seriously injured.

Plaintiff testified substantially as follows: I was riding behind a Chrysler car which was throttled down to three or four miles an hour. As I could not throttle my car down as slow as that, I blew my horn and drew over to the left to pass, and in doing so, I had to get on the street-car track, as there was not room enough for me to pass, they were driving so far away from the curbing. At this point the street-car line is a single track. As I drew alongside of the Chrysler, they speeded up to keep me from passing. I immediately dropped back behind them, when they slowed down again. I then blew my horn and drew over to the left, starting to pass, and there was another automobile approaching me (from beyond the street car) going in a westerly direction, with lights so bright that they blinded me, and as I drew alongside the Chrysler they speeded up again to keep me from passing, and I knew there was no use in my trying to pass with this bright light in my face, so I attempted to drop back behind the Chrysler again, when I was hit by the street car, and that is all I remember. The wheels of my Ford coupé were on the street-car track when I was hit. I didn't see the street car coming along. I didn't hear any signal of any kind. The crash occurred about the center of the block. There is a considerable slope at that point, and I was going up grade.

According to the uncontradicted evidence of the witnesses, the plaintiff came from behind the Chrysler and ran upon the track from 12 to 20 feet in front of the moving street car, which was going down grade, while plaintiff was traveling up grade, and the collision took place almost instantly.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff. From the judgment entered thereon, the defendant appeals, assigning errors, chiefly because of the refusal of the court to nonsuit the plaintiff.

*Tillett, Tillett & Kennedy for plaintiff.*
*John M. Robinson and Talliaferro & Clarkson for defendant.*

STACY, C. J., after stating the case: The defendant's negligence may be conceded, or that there is evidence tending to establish it, but it is stressfully contended that the plaintiff's own testimony shows such contributory negligence on her part as to bar a recovery.

Plaintiff does not say how long she was on the track before the collision, but a fair inference from her testimony is that it occurred almost immediately after she ran from behind the Chrysler automobile. The uncontroverted testimony of all the witnesses is to the effect that when the plaintiff ran upon the track the moving street car was not less than 12 nor more than 20 feet away. Assuming that the motorman and the plaintiff, running in opposite directions, or towards each other, were both moving at a rate of about 15 or 20 miles an hour, which is considerably less than some of the witnesses put the plaintiff's speed, this would leave but a short interval of time for the motorman to stop. In fact, too short for practical purposes. The plaintiff, according to her evidence, made no effort to stop, as she did not see or hear the street car. She testified that she was blinded by the bright lights of an automobile approaching from the opposite direction. Under this evidence, we think the proximate cause of the injury must be referred to the plaintiff's own negligence. The absence of a fender on the front of the street car, as testified to by some of the witnesses, could not have been the sole cause of the injury. No fender, practical or other, would have prevented the collision. And it is sufficient to bar a recovery, in an action like the present, if the plaintiff's negligence is one of the proximate causes of the injury. It need not be the sole proximate cause. *Construction Co. v. R. R.*, 184 N. C., 179, 113 S. E., 672.

Contributory negligence, such as will defeat a recovery in a case like the one at bar, is the negligent act of the plaintiff, which, concurring and coöperating with the negligent act of the defendant thereby becomes the real, efficient and proximate cause of the injury, or the cause without which the injury would not have occurred. *Moore v. Iron Works*, 183 N. C., 438, 111 S. E., 776.

Speaking to this subject in *Fulcher v. Lumber Co.*, 191 N. C., 408, 132 S. E., 9, *Connor, J.*, delivering the opinion of the Court, said: "Contributory negligence on the part of plaintiff, except where otherwise provided by statute, is held to bar recovery of damages resulting from the negligence of defendant if such contributory negligence concurs with the negligence of defendant, as a proximate cause of the injury. It implies *ex vi termini* that the negligence of defendant is a cause of the injury."

Originally, under C. S., 567, in cases calling for its application, there was some question as to whether a plea of contributory negligence (the burden of such issue being on the defendant) could be taken advantage of on a motion to nonsuit, but it is now well settled that such may be done when the contributory negligence of the plaintiff is established by his or her own evidence, as he or she thus proves himself or herself out of court. *Holton v. R. R.*, 188 N. C., 277, 124 S. E., 307;

*Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827; *Wright v. R. R.,* 155
N. C., 325, 71 S. E., 306; *Horne v. R. R.,* 170 N. C., 645, 87 S. E., 523.

In our opinion, according to plaintiff's own showing, the collision
was clearly due to her own negligence, and in such case, on motion,
duly made in apt time, judgment as of nonsuit should have been entered.
*Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827; *S. v. Fulcher,* 184 N. C.,
663, 113 S. E., 769.

Reversed.

CLARKSON, J., dissenting: I think on the evidence that a new trial
should have been granted, and that the doctrine of last clear chance is
applicable, and an issue should have been submitted to the jury to that
effect.

"Could the defendant, by the exercise of ordinary care, have avoided
the injury to the plaintiff, notwithstanding the negligence of the plain-
tiff?" This is a question of fact for the jury and not the court to de-
termine.

Plaintiff's testimony, in connection with the other evidence in the
case, unnecessary to set out, entitled plaintiff, in my opinion, to the
issue. *Wheeler v. Gibbon,* 126 N. C., p. 811; *Norman v. R. R.,* 167
N. C., p. 533; *Fleming v. Utilities Co.,* 193 N. C., p. 262.