SAMPSON B. BAILEY v. BLACK MOUNTAIN RAILWAY COMPANY.

(Filed 16 January, 1929.)

1. **Railroads—Negligence—Injuries to Persons On or Near Track—Contributory Negligence.**

    Where in an action to recover damages for a personal injury alleged to have been negligently inflicted on the plaintiff by being struck by defendant's train while he was negligently attempting to cross the tracks without looking for the approach of trains, the doctrine of contributory negligence is applied in bar of the plaintiff's recovering damages.

2. **Negligence—Contributory Negligence—Proximate Cause.**

    The contributory negligence of the plaintiff will bar his recovering damages arising from the negligence of the defendant when the plaintiff's negligence concurs and coöperates therewith and becomes the real, efficient and proximate cause of the injury in suit, or that cause without which the injury would not have occurred.

CIVIL ACTION, before *McElroy, J.,* at March Term, 1928, of YANCEY.

At the conclusion of the evidence for plaintiff the motion of nonsuit made by the defendant was sustained, and the plaintiff appealed.

*G. D. Bailey and C. R. Hamrick for plaintiff.*
*J. J. McLaughlin, Charles Hutchins and Pless & Pless for defendant.*

PER CURIAM. The plaintiff, who was 73 years of age, and deaf, attempted to cross the track of defendant at a public crossing near Micaville.

. In describing the manner of his injury, plaintiff said: "I never paid much attention, but I looked up the road, and I went to step up on the road and didn't know anything then. . . . When I was within five feet of the cross-ties I could see down the track . . . about 200 feet. . . . I wasn't paying much attention, and I expect I couldn't hear that noise made by the engine pushing those cars around that curve, up grade. I reckon I didn't look that time when I got within five feet of the cross-ties." There was evidence that the train gave no signal as it approached the crossing.

Contributory negligence, such as will defeat a recovery in a case like the one at bar, is the negligent act of the plaintiff, which concurring and coöperating with the negligent act of the defendant, thereby becomes the real, efficient, and proximate cause of the injury, or the cause without which the injury would not have occurred. *Moore v. Iron Works,* 183 N. C., 438, 111 S. E., 776; *Elder v. R. R.,* 194 N. C., 617, 140 S. E., 298; *Pope v. R. R.,* 195 N. C., 67, 141 S. E., 350.

The facts disclosed by the present record bring the case squarely within the principles announced by this Court in the *Elder* and *Pope* cases, *supra,* and the ruling of the trial judge in sustaining the motion of nonsuit is approved.

Affirmed.