DAVID G. DAVIS v. Z. M. L. JEFFREYS, J. T. JEFFREYS AND R. A. JEFFREYS, TRADING AS JEFFREYS' SONS.

(Filed 20 November, 1929.)

1. **Negligence C a—Contributory negligence which is proximate cause of injury bars plaintiff's right of recovery.**

   In an action to recover damages for an injury alleged to have been negligently caused by the defendant, plaintiff's contributory negligence that will bar his recovery is that which, concurring and coöperating with the negligence of the defendant, becomes the real, efficient and proximate cause of the injury, or that cause without which the injury would not have occurred, and it is not necessary that the plaintiff's negligence be the sole proximate cause.

2. **Highways B g—In this case held: plaintiff's evidence disclosed contributory negligence barring his recovery.**

   Where the action for damages arising from the defendant's truck and trailer being nearly across a public road near the corporate limits of a town at night without lights, etc., in violation of C. S., 2615, and the plaintiff's own evidence shows that his collision therewith was caused by his excessive speed in driving his motorcycle through rain and partial sleet, and that otherwise he could have passed in safety: *Held,* notwithstanding the defendant's negligence, the plaintiff's own evidence disclosed contributory negligence barring his recovery, and defendant's motion as of nonsuit was properly granted.

**3. Negligence D c—Where plaintiff's own evidence discloses contributory negligence barring recovery nonsuit is proper.**

Where the plaintiff's own evidence shows that his contributory negligence in a personal injury action bars his recovery a judgment of nonsuit is properly rendered.

APPEAL by plaintiff from *Daniels, J.,* at June Term, 1929, of CARTERET.

Civil action to recover damages for an alleged negligent injury suffered by plaintiff when he ran his motorcycle into the defendant's truck, which was standing on a public highway about 9 o'clock at night, without any lights.

The evidence tends to show that on the night of 2 May, 1928, about 9 p.m., the defendants' truck and trailer, while being loaded from a freight car, was standing partly across the highway near or within the corporate limits of Morehead City, but there was room for cars or motor vehicles to pass on the pavement or hard surface. The plaintiff testified that he was driving his motorcycle from Beaufort to Morehead City; that his lights were in good condition; that they would show a distance of 150 yards down the highway; that he was running about 30 or 35 miles an hour; that he could bring his motorcycle to a full stop within 100 feet, if proceeding at 25 miles an hour, or within 150 feet, if proceeding at 40 miles an hour; that he did not see the truck in time to avoid running into it; that it was a dark night, with a dense atmosphere, probably drizzling rain a little.

When the plaintiff was about 300 feet from the truck, a Mr. Crump (presumably defendant's agent) tried to stop the plaintiff by waving his hands and calling to him, but plaintiff testified: "I did not stop as soon as I saw the man waving his hands because I did not want to stop in the dark to pick people up. I didn't know him, but slowed down and threw the motor out of gear. I put my foot on the brake of the motorcycle and slid right on it. I couldn't stop, it was so close to the object I saw in front of me. It looked like a mountain when I first saw it, and when I got a little closer I saw it was a truck. It did not have any lights on it, and I slid right on it."

R. A. Cherry, witness for plaintiff, testified that he was traveling on the highway at about 20 miles an hour and that the plaintiff passed him, two or three blocks from the scene of the accident, going "about three times as fast as I was" *(i. e.,* 60 miles an hour).

The plaintiff's motorcycle bounded back about "half the distance of this court room" (40 feet) after striking the truck, and he was seriously injured. His motorcycle was demolished.

From a judgment of nonsuit entered on motion of the defendant at the close of plaintiff's evidence, the plaintiff appeals, assigning error.

C. R. *Wheatley* and *Luther Hamilton* for plaintiff.
*Kenneth C. Royall* and *J. F. Duncan* for defendants.

STACY, C. J.; after stating the case: Conceding that the defendants were negligent in allowing their truck and trailer to stand partly across the highway in the night time, without lights, in violation of C. S., 2615, still we think the evidence discloses a clear case of contributory negligence on the part of the plaintiff which bars a recovery. *Hughes v. Luther*, 189 N. C., 841, 128 S. E., 145.

Contributory negligence, such as will defeat a recovery in an action like the present, is the negligent act of the plaintiff, which concurring and coöperating with the negligent act of the defendants, thereby becomes the real, efficient, and proximate cause of the injury, or the cause without which the injury would not have occurred. *Bailey v. R. R.*, 196 N. C., 515, 146 S. E., 135; *Elder v. R. R.*, 194 N. C., 617, 140 S. E., 298; *Weston v. R. R.*, 194 N. C., 210. And it is sufficient to defeat a recovery, in a case like the one at bar, if the plaintiff's negligence is one of the proximate causes of the injury; it need not be the sole proximate cause. *Construction Co. v. R. R.*, 184 N. C., 179, 113 S. E., 672. The expression "contributory negligence" implies *ex vi termini* that the negligence of the defendant is one of the causes of the injury. *Fulcher v. Lumber Co.*, 191 N. C., 408, 132 S. E., 9.

A motorcycle running, on a dark rainy night, fast enough to be demolished and thrown back a distance of 40 feet on striking a truck standing in the road, was necessarily being driven at a reckless rate of speed under the circumstances disclosed by the record.

A judgment of nonsuit is properly entered when the contributory negligence of the plaintiff is established by his own evidence, as he thus proves himself out of court. *Holton v. R. R.*, 188 N. C., 277, 124 S. E., 307; *Wright v. R. R.*, 155 N. C., 325, 71 S. E., 306.

Affirmed.