JESSE MANGUM v. JOHN HENRY WINSTEAD ET AL.

(Filed 17 February, 1932.)

**1. Negligence D c—Nonsuit on plaintiff's action will be sustained where jury finds on defendant's cross-action that plaintiff was negligent.**

Where, in an action to recover damages sustained in an automobile collision, a judgment as of nonsuit is entered on the plaintiff's action, and on the defendant's cross-action the jury answers the issue as to the plaintiff's negligence "yes," and finds that the defendant was not guilty of negligence and awards damages: *Held,* upon the plaintiff's ap-

peal from the judgment as of nonsuit on his action the finding of the jury that the plaintiff was negligent would bar his recovery, and the judgment will be sustained.

**2. Appeal and Error J d—Burden is on appellant to show error.**

On appeal the burden is on the appellant to overcome the presumption against error, the burden of showing error being upon him.

APPEAL by plaintiff from *MacRae, Special Judge,* at June Term, 1931, of DURHAM.

Civil action to recover damages for an alleged negligent injury to plaintiff and his Buick automobile, caused by a collision between said automobile, while being driven by plaintiff's son, and a Chevrolet sedan owned by the defendant, C. H. Winstead, and operated at the time by his son for family use.

The defendant set up a counterclaim and asked for damages sustained in the same collision by reason of the alleged negligence of the plaintiff.

Judgment of nonsuit was entered on the plaintiff's cause of action, and the jury returned the following verdict on the defendant's counterclaim:

"1. Was the defendant, C. H. Winstead, damaged by the negligence of the plaintiff, as alleged in the answer? Answer: Yes.

"2. Did the defendants contribute to their injury or damage, by their own, or either of their own, negligence, as alleged in the reply? Answer: No.

"3. What damage, if any, is the defendant, C. H. Winstead, entitled to recover of the plaintiff? Answer: $181.70."

The plaintiff appeals from the judgment of nonsuit entered on his cause of action and from the judgment rendered on the verdict.

*Brawley & Gantt for plaintiff.*
*F. O. Carver, Victor S. Bryant and B. I. Satterfield for defendants.*

STACY, C. J. In the face of the verdict, which is not challenged by the appeal, it would be singular if the plaintiff should also recover in the instant case. One who causes or contributes to an injury by his own negligence is not entitled to damages therefor. Neither plaintiff nor defendant is permitted to recover for injuries resulting from a collision when the negligence of each contributed thereto as a proximate cause. *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672. It follows, therefore, that the judgment of nonsuit on plaintiff's cause of action, which seems correct upon the evidence, must, upon its own merits and for this additional reason, be sustained. In any view of the case, the

plaintiff has failed to overcome the presumption against error. *Jackson v. Bell.* 201 N. C., 336, 159 S. E., 926; *Bailey v. McKay,* 198 N. C., 638, 152 S. E., 893. To prevail on appeal, he who alleges error must successfully handle the laboring oar. *Frazier v. R. R., ante* 11; *Poindexter v. R. R.,* 201 N. C., 833, 159 S. E., 926.

Affirmed.