VIRGIL L. SHIPES, BY HIS NEXT FRIEND, J. A. SHIPES, v. J. EDGAR POAG.

(Filed 27 April, 1932.)

**Highways B o—Held: motion of nonsuit was properly granted in this action.**

Where the evidence in an action by a chauffeur against his employer tends to show that the employer several times ordered the plaintiff to drive faster, and that the plaintiff attempted to take a curve at an excessive rate of speed, and ran through a barrier and down an embankment where the road on which he was driving ended and was cut through by a new road: *Held,* the defendant's motion as of nonsuit was properly granted. *Scott v. Telegraph Co.,* 198 N. C., 795.

APPEAL by plaintiff from *Moore, Special Judge,* at March Term, 1932, of MECKLENBURG.

*G. A. Smith and William Milton Hood for appellant.*
*J. Laurence Jones for appellee.*

PER CURIAM. This action was instituted to recover damages for personal injury alleged to have been sustained by the plaintiff through the negligence of the defendant. The plaintiff was 18 years of age. He and the defendant were in the defendant's car returning from Green-

ville, S. C., to Charlotte. It was night and the plaintiff was driving. He testified as follows: "After taking this road, he (the defendant) asked me how fast we were going. He could see the speedometer if he wished, but he always kept watching the road. I told him we were going thirty-five miles per hour. He said to speed it up, he was in a hurry. Then in a little bit he asked me again. I told him we were going forty miles an hour. He said to go faster, that he was in a hurry. Again he asked me. I told him between forty and forty-five miles per hour. At that moment we came to a curve in the road. I could see partly around the curve. I was not used to the car and slowed down. All at once a barrier across the road loomed up before me. I put on the brakes, and then we dove down an embankment where the road was cut off. It was the end of the road and a new road had been cut through and across the one on which we had been riding. The big car rolled and tumbled and I remember some one was pulling me out through the back window" . . . "Q. Was it a sharp curve? A. No. Q. Why did you say in your complaint it was? A. It was not a real sharp curve and I saw the curve as I came to it. I couldn't see all the way around it, but I could see almost around it. Q. You continued at the same speed? A. No, I dropped it down to thirty-five or forty. Q. You know the law in South Carolina was six miles around a curve? A. No, I didn't know anything about the South Carolina law. I was taking Mr. Poag's orders. He was in a hurry to get to Charlotte and wanted me to take all kinds of chances to get there. I had to do it in order to hold my job. If he says black is white you can't tell him it is not. Q. When you were coming around this curve what loomed up in front of you? A. There was no road to turn. I put the brakes on and when I did we went off over the embankment down in the new road. I was not used to the car and I do not know in what distance I could have stopped the car that night. There were sand and dirt there and when I put brakes on the wheels would slide. Q. Within what distance could you stop that car? A. I don't know. I could see a good piece in front of me and that was the first time I had driven Mr. Poag's car at night. Q. Could you see seventy-five yards ahead of you? A. I don't know, I never measured the distance. Q. You were running at such a speed going around this curve you couldn't stop the car? A. I couldn't stop the car."

At the close of the plaintiff's evidence the court dismissed the action as in case of nonsuit. The judgment is affirmed. *Scott v. Telegraph Co.,* 198 N. C., 795; *Davis v. Jeffreys,* 197 N. C., 712; *Lunsford v. Mfg. Co.,* 196 N. C., 510; *Weston v. R. R.,* 194 N. C., 210.

Affirmed.