MARY J. MALPHURS, ADMINISTRATRIX, v. T. S. ELLINGTON ET AL.

(Filed 18 September, 1935.)

APPEAL by plaintiff from *Harding, J.,* at January Special Term, 1935, of MECKLENBURG.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the neglect, default, or wrongful act of the defendant, when the cart in which plaintiff's intestate was riding was struck by an automobile owned by the defendant T. S. Ellington, and operated at the time by his son, John Ellington.

The jury returned the following verdict:

"1. Was the plaintiff's intestate killed by the negligence of the defendant, as alleged? A. 'Yes.'

"2. Did the plaintiff's intestate, by his own negligence, contribute to his death, as alleged in the answer? A. 'Yes.' "

Judgment on the verdict for defendants, from which plaintiff appeals, assigning errors.

*J. D. McCall, G. T. Carswell, and Joe W. Ervin for plaintiff.*
*J. Laurence Jones and Plummer Stewart for defendants.*

PER CURIAM. The jury's answer to the second issue bars recovery on the part of the plaintiff. *Rimmer v. R. R., ante,* 198; *Moore v. Iron Works,* 183 N. C., 438, 111 S. E., 776. The case on trial narrowed itself largely to controverted issues of fact. Both were found to be negligent. No reversible error has been made to appear. While some of the illustrations used by the judge in his charge seem a little inapposite, still they appear to be without material significance. They could hardly have affected the result. *S. v. Marshall, ante,* 127.

In the absence of a clearer showing, the verdict and judgment must be upheld. It is so ordered.

No error.