MRS. MILDRED EXUM, ADMINISTRATRIX OF JOE EXUM, v. N. BAUMRIND AND WIFE, SADIE BAUMRIND.

(Filed 4 November, 1936.)

**1. Automobiles C c: C j—Speed in excess of forty-five miles per hour on highway is prima facie negligence, but not negligence per se.**

Plaintiff's evidence tended to show that her intestate, who had owned and operated his motorcycle for only thirty days, was driving at a rate of fifty or sixty miles per hour and had just come around a curve at the time of the collision. *Held:* Under the provisions of N. C. Code, 2621 (46), such speed is *prima facie* evidence of negligence, but not negligence *per se*, and defendants' motion to nonsuit for that plaintiff's evidence showed contributory negligence as a matter of law was properly denied.

**2. Appeal and Error E b—**

Where the charge is not in the record, it will be presumed on appeal that appropriate instructions were given the jury.

STACY, C. J., dissenting.

CONNOR, J., concurs in dissent.

APPEAL by the *feme* defendant from *Spears, J.,* at June Term, 1936, of GREENE. Affirmed.

*K. A. Pittman and L. I. Moore for plaintiff, appellee.*

*Finch, Rand & Finch and Walter G. Sheppard for defendant, appellant.*

SCHENCK, J. This was an action for the alleged wrongful death of the plaintiff's intestate, caused by a collision on a State Highway between a motorcycle upon which the intestate was riding and an automobile owned and driven by the appellant.

A nonsuit was entered as to the defendant N. Baumrind, from which no appeal was taken.

The action, as it related to the defendant Sadie Baumrind, was tried upon the usual issues of negligence, contributory negligence, and damage. The jury answered the issues in favor of the plaintiff, and from judgment based on the verdict the defendant Sadie Baumrind appealed, assigning as error the refusal of the court to grant her motion for judgment as in case of nonsuit made when the plaintiff had introduced her evidence and rested her case and renewed after all the evidence on both sides was in. C. S., 567.

On the argument it was conceded that there was sufficient evidence of the defendant's negligence to carry the case to the jury, but it was

earnestly argued that the plaintiff's own evidence established the contributory negligence of her intestate, and that upon authority of *Holton v. R. R.*, 188 N. C., 277, and similar cases, the motion for judgment as in case of nonsuit should have been granted.

While there was evidence introduced by the plaintiff, as well as by the defendant, tending to establish the contributory negligence of the intestate, we cannot hold as a matter of law that such evidence did establish such contributory negligence.

All the evidence tended to show that the collision occurred as the defendant attempted to drive her automobile around and past another automobile approaching a curve and going in the same direction, and that she was unable to get by the other automobile so as to pull her automobile back to her right side of the road before the intestate, coming in the opposite direction on his motorcycle, collided with her automobile on her left side and on his right side of the road.

The evidence introduced by the plaintiff and relied upon by the defendant to prove the plaintiff out of court was to the effect that the intestate had owned and operated a motorcycle for only thirty days, and that when the collision between his motorcycle and the defendant's automobile took place he was driving the motorcycle at a rate of fifty or sixty miles per hour, and had just come around a curve. While prior to the enactment of sec. 4, ch. 311, Public Laws 1935 (N. C. Code of 1935 [Michie], sec. 2621 [46]), the operation of a motor driven vehicle upon the highways of the State at a greater rate of speed than forty-five miles per hour was unlawful, and therefore negligence *per se,* since said enactment such operation is only *prima facie* evidence of negligence, and for that reason it was proper for his Honor to submit the issue as to contributory negligence to the jury, under appropriate instructions. The charge not being contained in the record, it is presumed that such appropriate instructions were given to the jury.

There is some evidence in the record that the intestate slackened the speed of his motorcycle before colliding with the plaintiff's automobile.

There are no assignments of error except the one to the refusal of the court to grant the motion for judgment as in case of nonsuit, and since this cannot be sustained the judgment of the Superior Court must be

Affirmed.

STACY, C. J., dissenting: I think it should be held as a matter of law that plaintiff's intestate was contributorily negligent. "He came around the curve . . . between 50 and 60 miles an hour, . . . and there was plenty of room for him to go between us"—so testified plaintiff's own witness. Instead of taking the path of safety, he seems to have followed his "bicycle eye" and drove directly into the defend-

ant's Buick car. "As the Buick came around, he commenced blowing, . . . threw up his hands, and it made a curious fuss like he cut it off"—this is the only evidence, offered by the plaintiff, to show what plaintiff's intestate did as he approached the defendant's car.

An inexperienced operator of a motorcycle who drives it upon the highway, around a 45-degree curve at 50 or 60 miles an hour, is certainly driving "at a speed greater than is reasonable and prudent." *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488. This is in violation of the statute intended and designed to prevent injury to persons or property. *Godfrey v. Coach Co.,* 201 N. C., 264, 159 S. E., 412. The positive provision of the statute is, that "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing."

Plaintiff's intestate's negligence, in order to bar a recovery, need not be the exclusive or sole proximate cause of the injury. It is enough if it contribute to the injury. *Wright v. Grocery Co., ante,* 462; *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672.

CONNOR, J., concurs in dissent.