A. J. BELL v. DENNY ROLL & PANEL COMPANY AND CITY OF HIGH POINT.

(Filed 16 December, 1936.)

Jury A d: Trial C a—Court may allow counsel, in selecting jury, to ask jurors if any of them are connected with an insurance company.

While evidence that defendant carries indemnity insurance is incompetent, the trial court has the discretionary power to allow plaintiff, in selecting the jury, to ask the jurors, in good faith, if any of them are agents of any insurance company or bonding company, it being the duty of the trial court to prevent prejudice to either party.

APPEAL by defendant Denny Roll & Panel Company from *Rousseau, J.,* at May Term, 1936, of GUILFORD. No error.

Plaintiff instituted his action for damages for personal injury, alleged to have resulted from striking his foot against a nail in some crating which had been thrown out on the street in front of the place of business of the defendant Denny Roll & Panel Company in the city of High Point.

Plaintiff testified that defendant had obstructed the sidewalk by piles of crating accumulating from unpacking veneering, and that these piles extended into the street; that in order to pass he had to step out in the street, and in doing so stepped on a nail protruding from a board; that the nail was obscured by snow.

Nonsuit was entered as to the city of High Point. From judgment on the verdict in favor of plaintiff, defendant Denny Roll & Panel Company appealed.

*Walser & Wright* for plaintiff, appellee.
*Dalton, Turner & Dickson* for defendant, appellant.

PER CURIAM. The motion for judgment of nonsuit was properly denied. Appellant complains that the following question propounded by plaintiff's counsel while selecting the jury was prejudicial: "Is any member of the jury an agent of any insurance company doing a bonding business?" The court found that the question was asked in good faith. The record states: "To this finding the defendant excepted for that there was no basis in fact for the finding." There was no motion for a mistrial at the time. The counsel's question to the jury was less pointed than that in *Starr v. Oil Co.,* 165 N. C., 587. While evidence that a defendant carried indemnity insurance is incompetent (*Luttrell v. Hardin,* 193 N. C., 266), the propriety of a question propounded in good faith, whether any of the prospective jurors is engaged in the insurance business, ordinarily, must be left to the sound discretion of the trial judge to prevent prejudice to either party. *Goss v. Williams,* 196 N. C., 213; *Fulcher v. Lumber Co.,* 191 N. C., 408; *Scott v. Bryan, ante,* 478.

An examination of the other exceptions which appellant noted and brought forward in its appeal fails to show any error warranting us in. disturbing the result.

No error.