KATE F. ABSHER v. CITY OF RALEIGH.

(Filed 28 April, 1937.)

1. **Municipal Corporations § 14—Evidence held to require submission of issue of contributory negligence in this action for fall on sidewalk.**

    In this action against a municipality to recover for injuries sustained by plaintiff in a fall caused by a defective condition in a sidewalk, defend-ant elicited on cross-examination of plaintiff's witnesses evidence that the defect could be seen from the street while riding in an automobile, and that a person could step over the defective place. Plaintiff introduced evidence that the defect could not have been seen by her in the dark. *Held:* The evidence was sufficiently equivocal and contradictory to require the submission of an issue of contributory negligence to the jury.

2. **Negligence § 19b—**

    The issue of contributory negligence must be submitted to the jury if there is more than a scintilla of evidence on the issue.

3. **Negligence § 11—**

    Contributory negligence, *ex vi termini,* implies that it need not be the sole proximate cause of the injury, and bars recovery if it concurs with the negligence of defendant in proximately causing the injury.

**4. Appeal and Error § 46—**

Where a new trial is awarded on one exception, other exceptions relating to matters not likely to arise on a subsequent hearing need not be considered.

APPEAL by defendant from *Small, J.,* at November Term, 1936, of WAKE.

Civil action to recover damages for personal injuries sustained by plaintiff when she fell on one of the public streets of the city of Raleigh, due to the defective condition of the sidewalk.

The record discloses that on the night of 22 October, 1935, the plaintiff was walking along the cement sidewalk on the west side of Glenwood Avenue, city of Raleigh, when "one of her feet suddenly caught under a section of the concrete sidewalk that was several inches higher than the other section thereof," by reason of which the plaintiff was thrown to the ground and severely injured, her right arm being broken or fractured.

The defendant denied all allegations of negligence, pleaded contributory negligence, alleging that plaintiff failed to exercise reasonable care for her own safety, and elicited from plaintiff's witnesses the following on cross-examination: (1) C. H. Rogers, "You can see the broken place while riding in an automobile along Glenwood Avenue if a person looked. for it." (2) Elizabeth Coppedge, "We skated over it. . . . It was easy to step over if you were sure of your footing." (3) Mrs. Hunter, "I was always careful when I passed it. I didn't stop to look at it."

There was evidence on behalf of the plaintiff tending to show that she could not see the defective condition of the sidewalk in the dark.

The court declined to submit an issue of contributory negligence. Exception by defendant.

The defendant, also, assigns error in that plaintiff's physician was allowed to demonstrate certain testimony upon the person of the plaintiff by manipulating her arm and elbow in the presence of the jury, causing demonstrations of pain and suffering by the plaintiff, and permitting the witness to comment on said demonstrations.

The jury answered the issue of negligence in favor of the plaintiff, and assessed her damages at $7,500. From judgment on the verdict, the defendant appeals, assigning errors.

*Douglass & Douglass for plaintiff, appellee.*
*Clem B. Holding for defendant, appellant.*

STACY, C. J. The evidence on the issue of contributory negligence is not all one way. It is sufficiently equivocal and contradictory to require its submission to the jury. *Doyle v. Charlotte,* 210 N. C., 709; *Williams v. Bus Co., ibid.,* 400, 186 S. E., 482; *Oldham v. R. R., ibid.,* 642. Compare *Gasque v. Asheville,* 207 N. C., 821, 178 S. E., 848. "A serious

and troublesome question is continually arising as to how far a court will declare certain conduct of a defendant negligence and certain conduct of a plaintiff contributory negligence and take away the question of negligence and contributory negligence from the jury. The right of trial by jury should be carefully preserved, and if there is any evidence, more than a scintilla, it is a matter for the jury and not the court"— *Clarkson, J.,* in *Moseley v. R. R.,* 197 N. C., 628, 150 S. E., 184.

The plaintiff's negligence, in order to bar a recovery, need not be the sole or exclusive proximate cause of the injury, for this would exclude any idea of negligence on the part of the defendant. *Mangum v. Winstead,* 202 N. C., 252, 162 S. E., 557; *Smith v. R. R.,* 200 N. C., 177, 156 S. E., 508; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488; *Lunsford v. Mfg. Co.,* 196 N. C., 510, 146 S. E., 129. It is enough if it contribute to the injury. *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564; *Const. Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672. The very term "contributory negligence" *ex vi termini* implies that it need not be the sole cause of the injury. *Fulcher v. Lbr. Co.,* 191 N. C., 408, 132 S. E., 9. Plaintiff may not recover when his negligence concurs with that of the defendant in proximately producing the injury. *Wright v. Grocery Co., supra,* and cases there cited.

There are other exceptions appearing on the record worthy of consideration, especially those addressed to the demonstrative testimony of plaintiff's physician, which is in excess of the matters considered in *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171, and is disapproved elsewhere, 26 R. C. L., 1019; *Peters v. Hockley,* 152 Ore., 434, 53 Pac. (2d), 1059, but as they are not likely to arise on another hearing, present rulings thereon, which could only be anticipatory, and perhaps supererogatory, are pretermitted. *Pemberton v. Greensboro,* 208 N. C., 466, 181 S. E., 258.

New trial.