W. S. SWAIM ET AL. v. HIGH POINT, ETC., RAILROAD COMPANY.

(Filed 4 January, 1939.)

**Railroads § 9—Evidence of driver's contributory negligence held to bar recovery by him for injuries received in crossing accident.**

Uncontradicted evidence that plaintiff saw the headlight of defendant's locomotive as it approached the crossing, mistook it for another automobile, and testimony by him that he nevertheless drove the automobile in front of the on-coming locomotive on a clear night, resulting in the injury in suit, *is held* to show contributory negligence barring recovery as a matter of law in plaintiff's failure to ascertain before driving on the crossing whether the headlight was that of a locomotive or a car, and defendant's motion to nonsuit should have been granted, even conceding that there may have been evidence of negligence on the part of the railroad company.

APPEAL by defendant from *Hill, Special Judge,* at September Term, 1938, of GUILFORD.

Civil action to recover damages for injuries to plaintiff and his automobile alleged to have been caused by the negligence of the defendant.

On Sunday night, 22 November, 1936, the plaintiff W. S. Swaim and H. R. Allred were riding around in plaintiff's Chevrolet sedan near Thomasville when they experienced some car trouble—"The muffler came loose, sounded like it had a cut-out." Plaintiff says he was "afraid to drive it on the road because the State patrolman might get us because it made such a noise." They started across the railroad in search of a mechanic and were struck by defendant's train at Cedar Lodge Crossing between Thomasville and Denton.

There is evidence that plaintiff's view was obstructed by a barn or fertilizer warehouse near the crossing. Plaintiff testifies that he saw the headlight of the engine before reaching the barn, but as he "did not hear any whistle" he "figured that there was another car coming down the dirt road." He further says: "I knew the road all right. . . . I had been across the railroad track before. . . . I was driving. . . . I had nothing to drink before the accident except one bottle of beer. . . . There was no sign, no whistle, no bell. . . . I looked to see if the train was coming. I was driving about 10 or 15 miles an hour when the train hit me. . . . The wreck occurred at approximately 11:30 p.m."

H. R. Allred testifies: "I had nothing to drink that night except a bottle of beer. . . . I drove some and Swaim some. . . . He was driving at the time of the accident. . . . I wouldn't say I was and I wouldn't say I wasn't sitting under the steering wheel after the accident."

Four witnesses for the defendant testify that Allred was sitting under the steering wheel and Swaim at his right on the off-seat when they were taken from the automobile following the accident. The defendant's evidence also tends to show the train was running on schedule time and reached Cedar Lodge Crossing at 12:40 a.m., 23 November. The headlight of the engine was in general and approved use. It was lighted. The crossing signal was given. There were "Railroad" signs on the highway. The night was clear.

Plaintiff was taken to the hospital but released before morning. He lost no wages on account of his injuries, which were not permanent.

W. G. Byerly, a police officer, testifies: "I went to the hospital and noticed Swaim's condition. He was well under the influence of intoxicants. I smelled it on his breath. His general reputation is bad for drinking."

An empty half-pint bottle which contained the odor of alcohol was found in plaintiff's car after the accident.

The jury returned a verdict in favor of the plaintiff, assessing his personal injuries at $300 and damages to his car at $250. From judgment thereon, the defendant appeals, relying principally upon its exception to the court's refusal to dismiss the action as in case of nonsuit.

*Silas B. Casey and Walser & Wright for plaintiff, appellee.*
*Lovelace & Kirkman for defendant, appellant.*

STACY, C. J. This is a case of sharp contradictions. The parties do not agree (1) as to when or how the plaintiff's automobile reached Cedar Lodge Crossing; (2) whether the plaintiff or his companion was driving it at the time; (3) whether they were drunk or sober; and, (4) whether they heard or could have heard the whistle signal of the locomotive. *Johnson v. R. R., ante,* 484.

Conceding, without deciding, that there may be evidence of negligence on the part of the defendant, it is also in evidence, without contradiction, that plaintiff saw the headlight of the locomotive as it approached the crossing, and he says he "figured that there was another car coming down the dirt road." We think it must be held as a matter of law that one who knowingly drives an automobile upon a railroad crossing in the clear nighttime immediately in front of an on-coming locomotive with its headlight shining, which he sees, and does not take the precaution to ascertain whether it is the headlight of a locomotive on the track or an automobile on a dirt road, falls short of the requirement of a reasonably prudent man. Such, in effect, was the holding in *Holton v. R. R.,* 188 N. C., 277, 124 S. E., 307. This bars a recovery. *Royster v. R. R.,* 147 N. C., 347, 61 S. E., 179; *Coley v. R. R.,* 213 N. C., 213, 195 S. E.,

392; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *Coleman v. R. R.,* 153 N. C., 322, 69 S. E., 251. See *Meacham v. R. R.,* 213 N. C., 609.

The case of *Preddy v. Britt,* 212 N. C., 719, 194 S. E., 494, is distinguishable by reason of a different fact situation. So, also, are the cases cited by the plaintiff.

On the record, it would seem that the exception to the court's refusal to dismiss the action as in case of nonsuit is well taken.

Reversed.