CHARLIE TEMPLE v. M. S. HAWKINS AND L. H. WINDHOLZ, RECEIVERS OF NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 17 September, 1941.)

**Railroads § 9—In this action to recover for personal injuries at crossing, doctrine of last clear chance held inapplicable upon the evidence.**

This action was instituted by the driver of a truck to recover for personal injuries sustained when the truck was struck by defendants' train at a grade crossing. The evidence tended to show that plaintiff, although he saw defendants' train leaving or about to leave defendants' station some 1,500 feet away, drove upon defendants' main line track, and that the truck stalled on the track and that plaintiff remained therein trying to start the truck until too late to escape from his position of peril. There was evidence that the engineer failed to give warning of the train's approach to the crossing and that the train was operated at an excessive speed. *Held:* Conceding negligence and contributory negligence, the evidence is insufficient to support the doctrine of last clear chance, since the engineer had a right to assume up to the very moment of the collision that the plaintiff could and would extricate himself from danger, and the failure of the engineer to give warning does not militate against this conclusion, since the evidence discloses that the driver of the truck was fully aware of his position of peril.

APPEAL by plaintiff from *Stevens, J.,* at January Term, 1941, of PASQUOTANK.

*Forrest V. Dunstan and McMullan & McMullan for plaintiff, appellant.*

*J. Kenyon Wilson for defendants, appellees.*

SCHENCK, J. This is an action to recover damages for personal injuries alleged to have been negligently inflicted upon the plaintiff by the defendants. There are allegations by the plaintiff of negligence and of last clear chance on the part of the defendants, and by the defendants of contributory negligence on the part of the plaintiff.

There was evidence tending to show that the plaintiff was driving the loaded truck of his employer on the street or public road across the railroad track of the defendants in or near Elizabeth City; that the track ran practically north and south and that the street or public road ran

practically east and west; that there were two spur tracks running practically parallel with the main track which the public road also crossed; that the plaintiff drove the truck up to the side track more distant from the main track, about 30 feet therefrom, and stopped; that the driver looked south down the main track and saw the defendants' train at the depot, about 1,500 feet away from him, either moving or in the act of starting north on the main track; that the plaintiff then drove the truck east across the two side tracks and on to the main track; that the truck, for unrevealed cause, stalled astride the main track; that the plaintiff operated the mechanism of the truck in an endeavor to make it move on across the track; that neither the whistle was blown nor the bell rung, nor other danger signal given from the defendants' engine, but a passenger in the truck said to the plaintiff, the driver of the truck: "Look out. There's the train;" the plaintiff then tried to leave the truck, but got only as far as the running board thereof when the truck was struck by the engine, and the plaintiff was hurled down the track and injured; that the train approached the truck at a speed of 25 or 30 miles per hour and ran 184 feet after striking the truck before stopping.

When the plaintiff had introduced his evidence and rested his case the defendants moved the court for a judgment as in case of nonsuit, which motion was allowed (C. S., 567), and judgment accordant therewith was entered, from which the plaintiff appealed assigning error.

The sole question presented on this appeal is the correctness of his Honor's ruling on the defendants' demurrer to the plaintiff's evidence.

The evidence of the defendants' negligence in failing to give due and timely warning of the approach of the train, and of operating the train at an excessive rate of speed may be conceded, albeit, it clearly appears that the plaintiff was guilty of contributory negligence in driving the truck upon the main track of the defendants in front of a train which he had seen 1,500 feet away either moving or starting to move in the direction of the crossing.

However, it is the contention of the plaintiff, that notwithstanding any contributory negligence on his part, his position of peril in the truck stalled on the railroad track was apparent, or in the exercise of due care should have been apparent, to the engineer of the defendants' train in time to have enabled him to have stopped the train and avoided the collision between the engine and the truck—in other words, that the defendants had the last clear chance to avoid injury to the plaintiff.

We do not concur in this contention. The engineer had a right to assume up to the very moment of the collision that the plaintiff could and would extricate himself from danger. The fact of the failure to give a signal from the engine could not militate against the defendants, since all that such signal could have availed the plaintiff would have

been to give him notice of the approach of the train, and this notice the plaintiff already had, since he saw the train at a distance of 1,500 feet down the track moving or in the act of starting to move in the direction of the crossing he was taking.

There is no evidence that the engineer knew, or by the exercise of due care could have known, that the plaintiff was helpless upon the track of the defendants—if indeed plaintiff was so helpless. Plaintiff may have been courageous and loyal to the extent of being foolhardy in his effort to save his employer's truck, but the evidence does not tend to show that he was either helpless or oblivious of his danger. Like Casabianca of old, he stayed by his ship—alas too long! This may, perhaps, have been praiseworthy, but the consequences thereof are not the liability of the defendants.

The judgment below is
Affirmed.