GEORGE McCRIMMON v. L. R. POWELL, JR., AND HENRY W. ANDERSON, RECEIVERS OF SEABOARD AIR LINE RAILWAY COMPANY, AND T. LACY WILLIAMS, ADMINISTRATOR OF JOHN VAUGHAN, DECEASED.

(Filed 29 April, 1942.)

**Railroads § 9—Evidence held to disclose contributory negligence on part of driver barring recovery for crossing accident as matter of law.**

Plaintiff's car was struck by a train running at excessive speed on the third track of a four-track crossing. Plaintiff was familiar with the crossing. The evidence, considered in the light most favorable to plaintiff, tended to show that as plaintiff approached the crossing he saw a freight train standing on the second track, which is a pass track, that plaintiff's view of the approaching train was obstructed by a building so that he could not see it until he was on the first track, which is an unloading track, that plaintiff did not see the approaching train until he was on the first or second track, and that when he saw its headlights, he speeded up in an attempt to cross ahead of the train. The distance from the center of the first track to the center of the third track is more than 30 feet. *Held:* The evidence discloses contributory negligence as a matter of law on the part of plaintiff, either in failing to look when he reached the first track, or, if he then saw the train, in failing to stop before reaching the third track when he had ample time and distance in which to stop.

APPEAL by plaintiff from *Thompson, J.,* at November Term, 1941, of FRANKLIN. Affirmed.

Civil action to recover damages for personal injuries sustained as a result of an automobile-train collision.

The main line tracks of the defendants extend in a north-south direction from Raleigh through Franklinton, N. C., to Henderson. Mason Street in Franklinton extends in an east-west direction and crosses defendants' tracks at grade. At this crossing there are four tracks. Going west the first is an unloading track; the second is a pass track; the third is the main line, and the fourth is a sidetrack. In the southwest corner there is a two-story brick building on the edge of Mason Street and within 7½ feet of the unloading track.

At about 1:30 a.m. on the morning of 26 December, 1939, plaintiff, accompanied by one Sylvester Rattley and Johnnie Henderson, returned

from an automobile trip to Henderson. He attempted to cross defendants' tracks at two other street crossings but found them blocked by a freight train. He then proceeded to Mason Street, turned to his left going east and attempted to cross. He stopped, looked and listened before reaching the unloading track. At that time the windows of his automobile were closed. He could not see to his right because his vision was blocked by the two-story building. He then proceeded to the unloading track. He saw the engine of the freight train standing on the second or pass track to his left and, looking to the right, he saw a train of the defendant approaching from the south. The testimony, considered in the light most favorable to him, tends to show that he did not and could not see the approaching train until his car was up on the unloading track. Seeing the train approaching he accelerated his speed and attempted to cross ahead of the train. The rear end of his car was struck by the train just before it cleared the main line track. As a result he suffered certain personal injuries. One of the passengers was killed and the other one sustained injuries.

There is evidence tending to show that the train was traveling about 60 miles per hour and that it gave no signal or warning of its approach. Plaintiff's evidence likewise tends to show that after his car was up on the unloading track he could see to the right as far as his vision would permit.

The distance from the center of the unloading track to the center of the main line track is more than 30 feet.

At the conclusion of all the evidence, on motion of the defendants, the court below entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Lumpkin, Lumpkin & Jolly for plaintiff, appellant.*
*Murray Allen for defendants, appellees.*

BARNHILL, J. The sole question presented on this appeal relates to the correctness of the ruling of the court below upon defendants' motion to dismiss as of nonsuit at the conclusion of all the evidence.

As to the immediate circumstances of the collision the plaintiff testified, "I was well out on the first track when I saw the headlight of the approaching train, but I could not tell which track it was coming on. . . . As soon as I saw the train coming I tried to get across before it hit me, but I did not have time. . . . When I first saw the headlight of the approaching train I was well out on the first track; was watching it out of the corner of my eye and trying to get across. . . . I was just starting off—by the time the train hit me I was up to about 12 or 15 miles. If I had stopped in the middle of the tracks I could have seen both ways two or three miles."

Plaintiff lived for several years within a few blocks of Mason Street crossing. He had passed over it both afoot and on automobiles. He knew the location of each track and its purpose. While he testified that he did not know upon which track the train was approaching, he did know that the first track was used for unloading and that the second or pass track was blocked by a freight train, the engine of which was near the crossing.

When he approached the railroad plaintiff knew he was entering a zone of danger. He had timely opportunity to see the approaching train and to stop before reaching the live track. He did see, and seeing, chose to attempt to cross ahead of the train—to "beat it across" while watching it approach out of the corner of his eye. He took his chance and lost.

Hence, the evidence, as it appears in the record before us, even when considered in the light most favorable to him, leads to the conclusion as a matter of law that plaintiff was contributorily negligent. The judgment of nonsuit is supported by pertinent decisions of this Court. *Godwin v. R. R.,* 220 N. C., 281, and cases cited; *Miller v. R. R.,* 220 N. C., 562; *Moore v. R. R.,* 201 N. C., 26, 158 S. E., 556; *Coleman v. R. R.,* 153 N. C., 322, 69 S. E., 251; *Quinn v. R. R.,* 213 N. C., 48, 195 S. E., 85.

We are not inadvertent to the fact that plaintiff first testified that he saw the train when he was on the first or second track. This will not aid him. If he looked and saw when he was on the first track he had ample time and distance within which to stop. If he did not look, after passing the building, until he reached the second track his looking was not timely. And even then he was more than 15 feet from the point at which his automobile was struck. *Godwin v. R. R.,* 202 N. C., 1, 161 S. E., 541.

The judgment below is
Affirmed.