MRS. LETTIE BAILEY, ADMINISTRATRIX OF HURLEY M. BAILEY, v. NORTH CAROLINA RAILROAD COMPANY,

and

MARVIN P. KING, ADMINISTRATOR OF DAVID CARLTON MEREDITH, v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 2 June, 1943.)

1. **Negligence § 19b—**

   It is the prevailing and permissible rule of practice to enter judgment of nonsuit in a negligence case, when it appears from the evidence offered on behalf of the plaintiff that his own negligence was the proximate cause of the injury, or one of them.

2. **Negligence § 6—**

   The plaintiffs' negligence need not be the sole proximate cause of the injury, as this would exclude any idea of negligence on the part of the defendant; but he may not recover, when his negligence concurs with the negligence of the defendant in proximately producing the injury.

3. **Railroads § 9—**

   A railroad crossing is itself a notice of danger and a traveler on the highway, before crossing the tracks, is required to look and listen to

ascertain whether a train is approaching; and the mere omission of the trainmen to give the ordinary or statutory signals will not relieve him of this duty.

**4. Negligence § 10—**

In order to invoke the "last clear chance" doctrine, plaintiff must plead and prove that defendant, after perceiving the danger, and in time to avoid it, negligently refused to do so.

**5. Negligence § 19b—**

In an action against a railroad for the wrongful death of plaintiffs' intestates, where the plaintiffs' evidence tends to show that such intestates drove their car upon a railroad track, at a city grade crossing, ahead of an oncoming train, by collision with which both were killed, when, in the exercise of due care, they could have seen the train and avoided the collision, the plaintiffs are barred by the contributory negligence of their intestates, and motions of nonsuit were properly allowed.

APPEAL by plaintiffs from *Bone, J.,* at October-November Term, 1942, of DURHAM.

Two civil actions to recover damages for the wrongful deaths of intestates alleged to have been caused by the negligence of the defendant, consolidated for trial by consent.

The record discloses that about 10 o'clock on the morning of 20 December, 1940, the plaintiffs' intestates were riding in a Chevrolet truck, in the city of Durham, and attempted to cross the railroad track of the defendant where it intersects Crabtree Street; that at the crossing of Crabtree Street and the railroad track the engine of the westbound passenger train of the defendant struck the truck in which the intestates were riding, killing both of them; the record does not disclose which of the intestates was driving, but does disclose that they were engaged in a joint enterprise of selling produce for a third party, and were accustomed to permit first one and then the other to drive, depending upon which one it was more convenient to do the driving.

The railroad track ran in the general direction of east and west and Crabtree Street ran in the general direction of north and south. The Chevrolet truck was being driven southward on Crabtree Street and the engine of the defendant's passenger train was being driven westward on the railroad tracks of the defendant when the collision occurred.

The evidence further discloses that a person driving southward on Crabtree Street as he approached the railroad track of the defendant had a clear unobstructed view east (to his left) down the said railroad track; that the plaintiffs drove the Chevrolet truck in which they were riding upon said railroad track, where it stalled, and while so stalled the engine of the defendant struck it, killing the intestates.

When the plaintiffs had introduced their evidence and rested their cases, the defendant lodged motions to dismiss the actions and for judgment as in case of nonsuit (C. S., 567), which motions were allowed, and from judgment predicated upon such ruling the plaintiffs appealed, assigning errors.

*Fuller, Reade, Umstead & Fuller, Brawley & Brawley, and B. Ray Olive for plaintiffs, appellants.*

*W. T. Joyner, Spears & Hall, and H. E. Powers for defendant, appellee.*

SCHENCK, J. Having reached the conclusion we have in this case it may be conceded, though it is not decided, that the defendant was negligent in not giving warning of the approach of its train by bell or whistle, in exceeding the speed limit fixed by municipal ordinance and in allowing the railroad bed at the crossing to become rough by reason of the rails being exposed from two and half to three inches in height and of holes therein.

The evidence shows that Mulberry Street runs east and west parallel to and immediately north of the railroad track, on the railroad right-of-way, and that a person traveling south on Crabtree Street enters Mulberry Street and proceeds some 40 or 50 feet before crossing the railroad track, and from the entrance into Mulberry Street to the crossing of the railroad track such person has an unobstructed view of the railroad track east of the Crabtree Street crossing—at the entrance to Mulberry Street a clear view of 250 feet down the track, and close to the track, just before entrance thereupon, an unobstructed view of the track east for "several hundred yards." James Charles Smith, the only eye witness of the collision introduced as a witness by the plaintiffs, was standing about 25 yards south of the railroad track and about 35 yards west of the crossing, testified: "I saw the train way on up the track about 400 yards, and I saw the truck drive upon the track. The train looked to be about 400 yards up the track. I saw the truck drive up on the crossing and the train was still coming. The truck looked like it was trying to get off, kinder moved back and forth and settled down at the time the train hit it. After the train hit the truck it brought it way on down there the other side of me, took it on down there the other side of the switch. I was looking at the truck the instant it was hit."

It is manifest from the evidence of the plaintiffs that if their intestates had looked east down the railroad track they could have seen the train for a considerable distance from any point after entering Mulberry Street and reaching the crossing of Crabtree Street and the

railroad track. It is inescapable that the driver of the truck proceeded to drive the truck upon the track, a known zone of danger, without stopping to avoid a collision with a train approaching from the east.

The law applicable to this case is stated in the well considered opinion of the present Chief Justice in *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137, as follows: "It is the prevailing and permissible rule of practice to enter judgment of nonsuit in a negligence case, when it appears from the evidence offered on behalf of the plaintiff that his own negligence was the proximate cause of the injury, or one of them. *Battle v. Cleave,* 179 N. C., 112, 101 S. E., 555; *Wright v. R. R., supra* (155 N. C., 325, 71 S. E., 306); *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608. The plaintiff thus proves himself out of court. *Horne v. R. R.,* 170 N. C., 645, 87 S. E., 523. It need not appear that his negligence was the sole proximate cause of the injury, as this would exclude any idea of negligence on the part of the defendant. *Absher v. Raleigh,* 211 N. C., 567, 190 S. E., 897. It is enough if it contribute to the injury. *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564. The very term 'contributory negligence' *ex vi termini* implies that it need not be the sole cause of the injury. *Fulcher v. Lumber Co.,* 191 N. C., 408, 132 S. E., 9. The plaintiff may not recover, in an action like the present, when his negligence concurs with the negligence of the defendant in proximately producing the injury. *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672. . . .

"In the application of this rule it is recognized that 'a railroad crossing is itself a notice of danger, and all persons approaching it are bound to exercise care and prudence, and when the conditions are such that a diligent use of the senses would have avoided the injury, a failure to use them constitutes contributory negligence and will be so declared by the court.' *Coleman v. R. R., supra* (153 N. C., 322, 69 S. E., 251); *Carruthers v. R. R.,* 215 N. C., 675, 2 S. E. (2d), 878. We have said that a traveler has the right to expect timely warning, *Norton v. R. R.,* 122 N. C., 910, 29 S. E., 886, but the failure to give such warning would not justify the traveler in relying upon such failure or in assuming that no train was approaching. It is still his duty to keep a proper lookout. *Harrison v. R. R., supra* (194 N. C., 656, 140 S. E., 598); *Holton v. R. R., supra* (188 N. C., 277, 124 S. E., 307). 'A traveler on the highway, before crossing a railroad track, as a general rule, is required to look and listen to ascertain whether a train is approaching; and the mere omission of the trainmen to give the ordinary or statutory signals will not relieve him of this duty.' Fourth headnote, *Cooper v. R. R.,* 140 N. C., 209, 52 S. E., 932. The same rule was declared in *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690, where *Walker, J.,* speaking for the Court, used the following language: 'On reaching a

railroad crossing, and before attempting to go upon the track, a traveler must use his sense of sight and of hearing to the best of his ability under the existing and surrounding circumstances—he must look and listen in both directions for approaching trains, if not prevented from doing so by the fault of the railroad company, and if he has time to do so; and this should be done before he has taken a position exposing him to peril or has come within the zone of danger, this being required so that his precaution may be effective.' "

Again it is written: "The engineer had a right to assume up to the very moment of the collision that the plaintiff could and would extricate himself from danger. The fact of the failure to give a signal from the engine could not militate against the defendants, since all that such signal could have availed the plaintiff would have been to give him notice of the approach of the train, and this notice the plaintiff already had, since he saw the train at a distance of 1,500 feet down the track moving or in the act of starting to move in the direction of the crossing he was taking." *Temple v. Hawkins,* 220 N. C., 26, 16 S. E. (2d), 400.

Furthermore the plaintiffs do not plead the last clear chance, which is required before such doctrine is available, paragraph 8(f) of the complaint not being susceptible of such construction. " 'In order to invoke the "last clear chance" doctrine, plaintiff must plead and prove that the defendant, after perceiving the danger, and in time to avoid it, negligently refused to do so.' 11 C. J., 282." *Hudson v. R. R.,* 190 N. C., 116, 129 S. E., 146.

Since it is apparent that the plaintiffs' intestates, the drivers of the truck, in the exercise of due care, could have seen the approach of the defendant's train in ample time to have stopped the truck and allowed the train to go by, and thereby avoided the collision, and instead of so stopping the truck proceeded to drive it on to the track ahead of the oncoming train thereby causing the collision, we are of the opinion, and so hold, that the plaintiffs are barred from recovery by the contributory negligence of their intestates, and that his Honor was correct in allowing the motions of nonsuit properly lodged at the conclusion of the plaintiffs' evidence.

There are a number of exceptive assignments of error based upon the court's sustaining the defendant's objections to certain testimony to the effect that the engineer of the defendant's train subsequent to the collision made certain statements indicating he saw the truck on the track, and to certain testimony to the effect that the defendant after the collision and after the train had gone made certain repairs to the track by throwing gravel on the crossing. The first group of these exceptions would seem to be untenable for the reason that the testimony related to conversations between the witness and the engineer which were merely

narrative of a past occurrence and only hearsay and not competent against the defendant, *Hubbard v. R. R.,* 203 N. C., 675 (678), 166 S. E., 802, and cases there cited, and the second group of these exceptions would seem to be untenable for the reason that they relate to repairs made in the track after the collision complained of, *Parrish v. R. R.,* 221 N. C., 292 (299-300), 20 S. E. (2d), 299, and cases there cited. And, *a fortiori,* the plaintiffs were not prejudiced by the refusal to admit the testimony assailed since it is not perceived how its admission could have altered the holding of the trial judge or our opinion upon the question of nonsuit.

The judgment of the Superior Court is
Affirmed.