CLEO WILSON v. SOUTHERN RAILWAY COMPANY.

(Filed 29 September, 1943.)

**Negligence § 10—**

In an action for the negligent injury by defendant of plaintiff, who drove a tractor, to which were attached plows, on the railroad track of

defendant, where it stalled and plaintiff remained on the track in an attempt to get the tractor and plows across, after he had seen defendant's train approaching, until injured, judgment of nonsuit was proper on authority of *Temple v. Hawkins*, 220 N. C., 26.

APPEAL by plaintiff from *Alley, J.*, at March-April Term, 1943, of TRANSYLVANIA.

Civil action to recover for injuries allegedly resulting from actionable negligence of defendant.

Evidence for plaintiff in the trial court tends to show in brief these facts: Plaintiff was injured on the morning of 18 December, 1942, when stricken by a freight train of defendant moving on its line of railroad from Hendersonville toward Brevard in the State of North Carolina at a farm road crossing over the railroad track. He was operating a tractor to which plows were attached. As he traveled along the farm road at a speed of five or ten miles per hour, and when "about 25 or 50 feet" from the railroad track at the crossing, where the track towards Hendersonville was in view for a distance of five hundred yards, plaintiff looked in that direction and no train was in sight. Thereupon, he changed "into low gear to ease the tractor across," but after the front wheels of the tractor passed over the rail of the track the plows caught against the rail. About two minutes later the train hit him. From the time plaintiff looked when "about 25 or 50 feet" from the track, and after looking in other direction, plaintiff had his head down watching the plows, and he did not again look down the railroad track in the direction of Hendersonville until he saw the train "something like ten or fifteen feet" away, after which he "started to get out and jump off" but the train hit him.

There was judgment as of nonsuit at close of evidence of plaintiff, from which he appeals to the Supreme Court and assigns error.

*Edward H. McMahan for plaintiff, appellant.*
*W. T. Joyner and Jones, Ward & Jones for defendant, appellee.*

PER CURIAM. The factual situation here is similar to that in the recent case of *Temple v. Hawkins*, 220 N. C., 26, 16 S. E. (2d), 400. The decision there, in conformity with well established principle in long line of decisions in this State, is appropriate here. Hence, under authority of that case, the judgment below is
Affirmed.