W. G. PENLAND v. SOUTHERN RAILWAY CO., ET AL.

(Filed 25 February, 1948.)

**1. Railroads § 4—**

Evidence tending to show that plaintiff driver, when within 38 feet of defendant's track, had an unobstructed view in the direction from which the train approached from 150 to 300 feet, that he saw a dim light down the track but failed to recognize it as the headlight of the approaching engine, although others in the car with him did recognize it, that plaintiff proceeded across the tracks and was struck by defendant's train, *is held* to disclose contributory negligence barring recovery as a matter of law. G. S., 1-183.

**2. Negligence § 19c—**

Contributory negligence *ex vi termini* signifies contribution rather than independent or sole cause, and it is not necessary that contributory negligence be the sole proximate cause, but it bars recovery if it is a proximate cause or one of the proximate causes of the injury.

APPEAL by defendants from *Gwyn, J.,* at July-August Term, 1947, of SWAIN.

Civil action to recover damages for personal injuries to plaintiff alleged to have been caused by the negligence of the corporate defendant and the engineer of its train.

The plaintiff is a taxi driver in the Town of Bryson City. On the evening of 6 December, 1943, about 8:30 or 9:00 p.m., with three passengers in his automobile, he approached a much-traveled grade crossing on Everett Street which is traversed by three tracks of the corporate defendant. He slowed down, but did not stop before entering upon the crossing and was struck by defendant's train as he reached the center or main line track. He says he looked to his left, "and while I observed no train or engine, I saw a very dim light a considerable distance down the track; that is the way the train was coming; I was on the side the engine was coming. . . . I couldn't say I didn't see a light, because I had crossed there at different times and all times of night, but I never saw anything

I recognized as being the light of an engine. Q. What you mean is this: You didn't recognize it as being an engine light, though it might have been one? A. It could have been I guess. . . . I couldn't say whether I saw a light or not; if I did I didn't recognize it as being an engine light until it was just right there above me. . . . It was drizzling rain and a little foggy. . . . I don't deny that I might have seen a dim light, but I did not recognize it as being an engine light. That is right, I wouldn't say I did or did not. . . . I was thoroughly acquainted with the crossing, and knew that trains passed over it at any and all times and knew they passed both ways. . . . I looked first to the left and did not see any object and I looked back to the right, and I was turning my head back and the headlight was right over me—seems like it flashed on, or I just saw it. . . . I was going across the track, very slowly, not over 8 miles, when I looked up and the headlight apparently flashed on. It hit just like that."

For a distance of 38 feet before reaching the main line track, plaintiff had an unobstructed view, in the direction the train was coming, anywhere from 150 to 300 feet.

A passenger in plaintiff's car saw the beam of light of the approaching train and called plaintiff's attention to it, but he "kept on going" and did not stop. The plaintiff was hard of hearing. While the plaintiff was "knocked out" by the impact, he was able to resume his taxi-driving on the afternoon of the following day. His injuries later proved to be more serious than first thought.

From verdict and judgment for the plaintiff, the defendants appeal, relying principally upon the court's refusal to dismiss the action as in case of nonsuit.

T. D. Bryson, Jr., for plaintiff, appellee.
W. T. Joyner and Jones & Ward for defendants, appellants.

STACY, C. J. Conceding the existence of negligence on the part of the defendants, which is stressfully denied, we think the case is controlled by the fact that plaintiff drove his automobile upon the railroad crossing in the face of an on-coming train which he saw, or, in the exercise of reasonable care, should have seen. This negligence on his part contributed to the injury, and bars recovery. Swaim v. High Point, 214 N. C., 672, 200 S. E., 373; Bailey v. R. R., 223 N. C., 244, 25 S. E. (2d), 833; Goodwin v. R. R., 220 N. C., 281, 17 S. E. (2d), 137.

In order to defeat an action like the present, it need not appear that plaintiff's negligence was the sole proximate cause of the injury, as this would exclude any idea of negligence on the part of the defendants altogether. Absher v. Raleigh, 211 N. C., 567, 190 S. E., 897. It is enough

if it contribute to the injury as a proximate cause, or one of them. *McKinnon v. Motor Lines, ante,* 132; *Tarrant v. Bottling Co.,* 221 N. C., 390, 20 S. E. (2d), 565; *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608; *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564. Indeed, the very term "contributory negligence" *ex vi termini* signifies contribution rather than independent or sole cause. *Fulcher v. Lumber Co.,* 191 N. C., 408, 132 S. E., 9.

The plaintiff says he saw a dim light in the drizzling rain and fog, but did not recognize it as the headlight of an engine. His familiarity with the surroundings may have lulled him into carelessness or insecurity, nevertheless his failure to discern and appreciate the obvious renders him contributorily negligent as a matter of law. *McCrimmon v. Powell,* 221 N. C., 216, 19 S. E. (2d), 880; *Miller v. R. R.,* 220 N. C., 562, 18 S. E. (2d), 232; *Tart v. R. R.,* 202 N. C., 52, 161 S. E., 720; *Eller v. R. R.,* 200 N. C., 527, 157 S. E., 800; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598. He may not recover when his negligence concurs with the negligence of the defendants in proximately producing the result. *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488; *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672.

There is no contention that the atmospheric condition was such as to affect plaintiff's vision. *Meacham v. R. R.,* 213 N. C., 609, 197 S. E., 189. The fact is, he did see a dim light down the track, but failed to recognize it as the headlight of an engine. Having seen, it was his duty to take note and heed. This he omitted to do. Furthermore, when pressed on cross-examination, the plaintiff declined to say whether he "did or did not" see the engine light. Others in the car with him saw it and called his attention to it, but he "kept on going" and did not stop. His hearing was not good. *Johnson v. R. R.,* 214 N. C., 484, 199 S. E., 704.

The demurrer to the evidence or motion to dismiss the action as in case of nonsuit was well interposed. G. S., 1-183.

Reversed.