JOSEPH T. CARRUTHERS, JR., ADMINISTRATOR OF THE ESTATE OF DINSON
A. CALDWELL, DECEASED, AND MANUFACTURERS CASUALTY COM-
PANY, v. SOUTHERN RAILWAY COMPANY.

(Filed 24 May, 1950.)

**1. Negligence § 19c—**

Nonsuit on the ground of contributory negligence should not be granted
unless plaintiff's evidence tends to show contributory negligence so clearly
that no other conclusion reasonably can be drawn therefrom.

**2. Railroads § 4—Evidence held to show contributory negligence as a mat-
ter of law on part of driver in failing to look before driving upon
crossing.**

Evidence tending to show that intestate, driving his employer's truck
at a rate of ten to fifteen miles per hour, drove upon a crossing of a spur
track without slackening speed or turning, and was struck by defendant
railroad company's engine, that his view was unobstructed in the direction
from which the engine approached for a distance of several hundred feet
when he was within 24 feet 8 inches of the nearest rail, together with
evidence that intestate was familiar with the crossing and was aware of
the fact that trains passed over the spur track almost daily and usually at
the time of the accident, *is held* to show contributory negligence barring
recovery as a matter of law irrespective of evidence that the engine was
traveling twenty miles per hour or the fact that on the occasion in question
there were no crew members on the front and back of the train as was
customary.

**3. Automobiles § 18g (2)—**

Estimate of witnesses as to the speed of a locomotive, based upon the
result of the impact, is properly excluded when it appears that the wit-
nesses had not observed the train and had formed no opinion as to its
speed.

**4. Appeal and Error § 39e—**

The exclusion of testimony cannot be held prejudicial when the record
does not show what the answer of the witness would have been.

APPEAL by plaintiff from *Sink, J.,* January Term, 1950, of GUILFORD.
Affirmed.

This was an action to recover damages for the wrongful death of plain-
tiff's intestate alleged to have been caused by the negligence of the de-
fendant.

At the close of plaintiff's evidence defendant's motion for judgment of
nonsuit was allowed, and the plaintiff excepted and appealed.

*Falk, Carruthers & Roth, Smith, Wharton, Sapp & Moore, and Harrell
Pope for plaintiff, appellant.*

*W. T. Joyner and R. M. Robinson for defendant, appellee.*

DEVIN, J. It was not controverted that there was evidence of negligence on the part of the defendant Railway Company. Therefore, the propriety of the nonsuit depends upon whether the plaintiff's evidence establishes such contributory negligence on the part of the intestate as bars recovery. The rule is well settled that in order to sustain a nonsuit on this ground the evidence tending to show contributory negligence must be so clear that no other conclusion reasonably can be drawn therefrom. *Collingwood v. R. R., post,* 192; *Penland v. R. R.,* 228 N.C. 528, 46 S.E. 2d 303; *Bailey v. R. R.,* 223 N.C. 244, 25 S.E. 2d 833; *McCrimmon v. Powell,* 221 N.C. 216, 19 S.E. 2d 880; *Jeffries v. Powell,* 221 N.C. 415, 20 S.E. 2d 561; *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637.

The fatal injury occurred on the grounds of the Pomona Terra Cotta Company at a point where a road used for vehicular traffic by employees of the Terra Cotta Company crosses a spur track which leads from the main line of the defendant Railway Company into the plant of the Terra Cotta Company for use in handling freight and delivering coal. The track extends north and south and the road east and west. The road was much used by vehicles. Engines and cars pass over the track almost daily and usually in the afternoon. September 10, 1947, between 3:00 and 4:00 o'clock p.m. the plaintiff's intestate, who had been employed by the Terra Cotta Company for two years as truck driver, was driving an empty truck along this road, moving west toward the crossing over the spur track at a speed of 10 to 15 miles per hour. A slight rain was falling. The intestate was alone in the cab of the truck, but two other employees were sitting on the side of the flat truck body facing north. On the right of the road as one approached the crossing was a line of brick kilns extending north parallel with and east of the railroad track. These kilns obstructed the view of one traveling west toward the crossing until he was 24 feet 8 inches of the east rail of the track from which point he could see to his right up the track north more than 700 feet. Due to the fact the kilns were circular in form with rounded tops, at a point 28 or 30 feet from the crossing the view to the north was unobstructed for several hundred feet.

At the time the intestate approached the crossing the defendant's engine and cars were moving south on the spur track, without signal or warning, and the engine struck the truck at the right cab door and inflicted injuries on the plaintiff's intestate from which he shortly thereafter died. The two fellow employees of intestate, who were on the truck, jumped in time to avoid injury. They testified the intestate drove on the track without slackening speed, or turning. There was no evidence he applied brakes. The intestate, who had been driving trucks in and about the plant for

several years, was familiar with the road, the spur track, and the kilns, and was aware of the fact that trains passed over this track almost daily and usually about this time of the afternoon. It is apparent that the intestate did not see the train until the moment of impact. Approaching at the rate of 10 to 15 miles per hour, if he had looked when he passed the line of kilns he could and would have seen the train in time to have stopped or turned aside. Instead, without changing his course or speed, he drove on the track. The conclusion is inescapable that he failed to look as he approached the crossing and drove on the track at a time when by looking he could have seen the train and avoided injury. *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598; *Bailey v. R. R.,* 223 N.C. 244, 25 S.E. 2d 833. The plaintiff's evidence points unmistakably to failure on the part of the intestate to exercise due care for his own safety with fatal consequences. That he was negligent and that his negligence was a proximate contributory cause of his injury and death seems to have been established by the evidence the plaintiff has offered. We think the defendant was entitled to the allowance of his motion for judgment of nonsuit.

Plaintiff, however, contends that material evidence was excluded and not considered by the court below. He assigns error in the ruling of the court in sustaining objection to testimony tending to show the speed of the train. However, from an examination of the record it appears that neither of the witnesses had observed the train and had formed no opinion as to its speed, but offered an estimate of 20 miles per hour based on the result of the impact. Hence, we think the ruling of the court was correct. *Hicks v. Love,* 201 N.C. 773, 161 S.E. 394. But if we accept as a fact that the train was moving at the rate of 20 miles per hour, we do not see that it helps plaintiff on the question of contributory negligence.

Plaintiff offered testimony tending to show it was the custom of the defendant in operating trains through this yard to have a man on the front and one on the back. The disposition of the train crew on the occasion of the collision does not definitely appear. But we do not regard this evidence, if admitted, as sufficiently material to affect the question here considered. Plaintiff, also, excepted to the ruling of the court in sustaining objection to a question propounded to a witness as to the comparative noise of Diesel engine, but the record does not show what the answer would have been.

Giving due consideration to the evidence offered, as well as that excluded to which exception was noted, we conclude that the court below has ruled correctly and that the judgment of nonsuit must be upheld.

Affirmed.