EDNA H. NEAL, ADMINISTRATRIX OF THE ESTATE OF JERRY AUGUSTUS NEAL v. N. C. BOOTH AND SEABOARD COAST LINE RAILROAD COMPANY

No. 7411SC500

(Filed 17 July 1974)

1. **Railroads § 6— crossing accident — negligence by railway and engineer**
   In a wrongful death action arising from a railway crossing accident, plaintiff's evidence was sufficient to establish negligence on the part of defendant railway and defendant engineer where it tended to show that the electrical warning signals at the crossing were not operating, that the engineer gave no warning by whistle, bell or otherwise of the train's approach, and that plaintiff's intestate's view of the approaching train was obstructed by the depot and by railroad cars on a service track in front of the depot.

2. **Railroads § 5— crossing accident — contributory negligence by motorist**
   In a wrongful death action arising from a railway crossing accident, plaintiff's evidence that her intestate was traveling at the rate of 5 mph when the accident occurred and that his view of the track upon which the collision occurred was unobstructed when he was 21 feet from the track disclosed that the intestate was contributorily negligent as a matter of law.

APPEAL by plaintiff from *Hobgood, Judge,* 14 January 1974 Session of Superior Court held in JOHNSTON County. Heard in the Court of Appeals 31 May 1974.

This is a civil action wherein the plaintiff, Edna H. Neal, administratrix of the estate of Jerry Augustus Neal, seeks to recover damages for the wrongful death of plaintiff's intestate resulting from an automobile-train collision in the town of Kenly, N. C., on 15 November 1969.

Plaintiff in her complaint filed on 11 February 1971, alleged, among other things, that defendants were negligent in the following respects: (1) in failing to have a crossbar across N. C. Highway 222 to prevent a vehicle from crossing the railroad tracks when a train was approaching; (2) in maintaining a railroad station between Railroad Avenue and defendant Seaboard's railroad tracks in such a fashion as to obstruct the plaintiff's intestate's view of trains approaching from the east; (3) in negligently operating train No. 85 by failing to keep a proper lookout, by traveling at an excessive rate of speed and without giving any warning of the train's approach to the intersection.

Defendants, among other things, alleged that plaintiff's intestate was negligent in that he failed to keep a proper lookout and drove upon the crossing without taking reasonable precautions to discover the danger and avoid the accident.

At trial the plaintiff offered evidence tending to establish the following:

Three railroad tracks of the defendant Seaboard Coast Line Railroad Company (Seaboard) intersect with highway #222 in Kenly. The railroad tracks run generally in an east-west direction; while highway #222, which is also the main street of Kenly, runs in a north-south direction. In the northeast corner of the railroad crossing, there is a railroad station maintained by the defendant Seaboard. The station is bordered on the north side by North Railroad Street which runs parallel to the railroad tracks in an east-west direction.

On 15 November 1969, at approximately 4:30 p.m., Jerry A. Neal was driving his automobile on North Railroad Street and was headed in a westerly direction parallel with the railroad tracks; however, plaintiff's intestate's view of the railroad tracks was impeded by the presence of the depot to his immediate left. Neal came to a stop at the intersection of highway #222 and Railroad Street and then turned left onto Highway #222. He proceeded across the railroad crossing at five miles an hour. Because of the presence of the railroad station and because of the boxcars on the service track (the first track plaintiff's intestate crossed), Neal would not have been able to see train traffic approaching from the east until he was 21 feet from the southernmost track. Neal's automobile was struck by defendant Seaboard's train No. 85, which was being operated

by defendant N. C. Booth, as the automobile was crossing the southernmost track. Plaintiff's intestate was killed instantly as a result of the collision.

At the time of the accident, electrical warning signals were located in the northwest and southeast corners of the railroad crossing. Each warning signal consisted of four hooded lights, two facing in a northerly direction and two in a southerly direction. Several witnesses testified that they did not hear any warning signals being given by these electrical warning devices. Furthermore, these witnesses stated that they did not hear any horns or whistles sounded by the approaching train.

At the completion of the presentation of plaintiff's evidence, the defendants, pursuant to G.S. 1A-1, Rule 50 of the Rules of Civil Procedure, moved for a directed verdict "upon the grounds that the plaintiff's evidence taken in the light most favorable to him fails to show that the defendant Booth or the defendant Railroad or either of them was guilty of any actionable negligence, and also upon the grounds that plaintiff's evidence shows as a matter of law Plaintiff's Intestate was guilty of contributory negligence and is therefore barred from recovery." This motion was allowed and from a judgment directing a verdict for the defendants, the plaintiff appealed.

*Mast, Tew & Nall, P.A., by George B. Mast & Joseph T. Nall and W. R. Britt for plaintiff appellant.*

*Maupin, Taylor & Ellis by Richard C. Titus for defendant appellees.*

HEDRICK, Judge.

The sole issue raised by this appeal is whether the trial judge was correct in directing a verdict in favor of the defendants at the completion of plaintiff's evidence. Plaintiff submits that the granting of the directed verdict was improper for two reasons: (1) plaintiff's evidence establishes that defendants were negligent and that such negligence was the proximate cause of the collision; (2) plaintiff's evidence does not establish that plaintiff was contributorily negligent as a matter of law.

[1] In the case at bar plaintiff offered evidence that the electrical warning signals were not operating; that the operator of the train gave no warning by whistle, bell, or otherwise of the train's approach; and that the plaintiff's intestate's view of the

approaching train was obstructed just prior to the collision by the depot and by railroad cars on a service track in front of the railroad station. This evidence, when taken in the light most favorable to the plaintiff is sufficient *prima facie* to establish that defendants were negligent, and that their negligence was a proximate cause of the accident. *Kinlaw v. R. R.*, 269 N.C. 110, 152 S.E. 2d 329 (1967). Therefore, the decision in the instant case turns upon the question of whether the evidence establishes plaintiff's intestate's contributory negligence as a matter of law.

[2] It is a well-established rule that a railroad company is under a duty to give travelers "timely warning of the approach of its train to a public crossing, but its failure to do so doesn't relieve a traveler of his duty to exercise due care for his own safety, and the failure of the traveler to exercise such care bars recovery when such failure is a proximate cause of the injury." *Price v. Railroad*, 274 N.C. 32, 161 S.E. 2d 590 (1968). When the evidence proffered by plaintiff is considered in a light most favorable to him, it tends to show that at the time of the collision the plaintiff was traveling at a rate of 5 miles per hour and that his view was obstructed until he was 21 feet from the southernmost track (the track upon which the collision occurred). We are of the opinion that this evidence is sufficient to establish that plaintiff was contributorily negligent as a matter of law.

This conclusion finds support in two decisions of our Supreme Court which involved similar factual situations. In *Carruthers v. R. R.*, 232 N.C. 183, 59 S.E. 2d 782 (1950), the court found contributory negligence as a matter of law on the part of a driver who was traveling at 10-15 miles per hour and had an unobstructed view of the approaching train for 24 feet 8 inches. In holding that plaintiff was contributorily negligent as a matter of law, the court stated:

"The conclusion is inescapable that he failed to look as he approached the crossing and drove on the track at a time when by looking he could have seen the train and avoided injury. [citations omitted] The plaintiff's evidence points unmistakably to failure on the part of the intestate to exercise care for his own safety with fatal consequences."

Furthermore, in *Jeffries v. Powell* and *Branch v. Powell*, 221 N.C. 415, 20 S.E. 2d 561 (1942), the driver was proceeding

at a speed of 5-10 miles per hour and had an unimpeded view for 30-40 feet. The court in finding plaintiff's negligence as the sole proximate cause of the accident commented that it was a matter of common knowledge that at the speed plaintiff was driving, he could have stopped the automobile almost instantly and avoided the collision.

Thus, the judgment directing a verdict for the defendants is

Affirmed.

Judges MORRIS and BALEY concur.